*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2002 FED App. 0174P (6th Cir.)
File Name:  02a0174p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellant,*

　　　　　*v.*　　　　　　　　　　　　No. 01-5013

LUIS GALVAN-PEREZ,
　　　　　*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 00-00030—Thomas B. Russell, District Judge.

Argued:  March 21, 2002

Decided and Filed:  May 17, 2002

Before:  NORRIS, SILER, and GILMAN, Circuit Judges.

_____

**COUNSEL**

**ARGUED:**　Daniel S. Goodman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant.  Scott T. Wendelsdorf, ASSISTANT FEDERAL PUBLIC DEFENDER, Louisville, Kentucky, for Appellee. **ON BRIEF:**　James E. Castello, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., Randy W. Ream, Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellant.  Jamie

1

L. Haworth, ASSISTANT FEDERAL PUBLIC DEFENDER, Louisville, Kentucky, for Appellee.

———————————

## OPINION

———————————

ALAN E. NORRIS, Circuit Judge.  Defendant Luis Galvan-Perez pleaded guilty to a single-count indictment charging him with unlawful re-entry into the United States after having been previously convicted of an aggravated felony. Defendant moved for a downward departure based upon his work history and the nature of the aggravated felony, which involved breaking into automobiles to steal stereo equipment. Although the district court initially denied the motion, it reconsidered its decision shortly thereafter and reduced defendant's sentence from a term of 46 months to one of 24 months of imprisonment.

Because the district court's decision to re-sentence defendant exceeded the court's authority under Federal Rule of Criminal Procedure 35(c), we vacate defendant's sentence and remand the matter to the district court with instructions to reinstate its original sentence.

## I.

On July 19, 2000, a grand jury returned a one-count indictment charging defendant with violating 8 U.S.C. § 1326(b).  That statute provides in part as follows:

(b) **Criminal penalties for reentry of certain removed aliens**

Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection–

. . . .

sentence and remand with instruction to re-instate defendant's original sentence.

## III.

The sentence imposed by the district court is **vacated** and the cause **remanded** with instructions that the original sentence be **reinstated**.

upon in defendant's original sentencing had been correct, the sentencing judge concluded he had erred in fixing defendant's original sentence. The purported error was applying the 16-level increase, called for by the guidelines due to Abreu-Cabrera's deportation after commission of an aggravated felony, in a fashion "so mechanical as to impose a draconian result." The district judge then proceeded to review the underlying facts of the aggravated felony and defendant's other circumstances, deciding that downward departure from the sentencing guidelines was warranted. The result was the new sentence of 24 months.

Such correction is clearly outside the scope of the rule. By its terms Rule 35(c) permits corrections of "arithmetical, technical, or other clear error[s]. . . ."

. . . .

Whatever error was perceived by the sentencing court certainly could not be categorized as an arithmetical or technical error; nor could it be "other clear error." The failure to make a downward departure at Abreu-Cabrera's initial sentencing did not constitute an obvious error or mistake that would have resulted in a remand by this Court. Defendant's original sentence was not illegal, nor was it the result of an incorrect application of the guidelines or unreasonable. Since Abreu-Cabrera's resentencing represented nothing more than a district court's change of heart as to the appropriateness of the sentence, it was accordingly not a correction authorized by Rule 35(c).

*Abreu-Cabrera*, 64 F.3d at 72. Similarly, in the instant case the district court imposed a legal sentence, reconsidered, and attempted to invoke its discretion to depart downward. Because the court reached its revised decision after entering the original judgment, however, the restrictions of Rule 35(c) apply. In this case, the court was not acting to correct a clear error, but rather to reflect a "change of heart." For the reasons outlined, these circumstances require us to vacate the revised

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both . . .

8 U.S.C. § 1326(b). According to his pre-sentence report, defendant pleaded guilty in September 1994 to certain felonies related to breaking into automobiles. The indictment in that prosecution contains the following description of the crimes:

On April 30, 1994, Luis Perez (true name Luis Galvan-Perez) and two codefendants broke into a 1987 Pontiac Firebird and a 1984 Mercury Cougar parked at 2812 Whitlock in Louisville, Kentucky, and broke into a 1989 Nissan automobile and a 1987 Ford pickup truck parked at 3765 Wheeler in Louisville, Kentucky, and stole car stereo items valued in excess of $300 from each automobile. Mr. Galvan-Perez and his codefendants were arrested by police officials during their break-in of a 1989 Nissan automobile parked at 3765 Wheeler in Louisville, Kentucky.

Defendant was placed on probation, which was later revoked when he left the state without informing his probation officer. He served three and a half months in prison after his return to Kentucky. He was eventually deported to Mexico in 1997, but illegally returned to the United States sometime thereafter. At the time of his arrest, defendant was living in Bowling Green, Kentucky, and working as a roofer. Defendant came to the attention of the federal authorities after he was arrested in June 2000 for abusing his girlfriend. He pleaded guilty to that charge and served 21 days in jail and was then released into federal custody.

The pre-sentence report indicated that his guideline range of imprisonment was 46 to 57 months. Although defendant moved for a downward departure, the district court elected to sentence him at the bottom of the range, that is, to 46 months. During the sentencing hearing, the district court expressed reservations about granting the requested departure:

What bothers me is that, I might kind of go along with you, but he, you know, when he was, for stealing these, these stereos he was given some time probated and then he violated his probation and took off to California and they had to arrest him again and get him. That bothers me.

The court later explained itself further:

[U]nfortunately Mr. Perez' original crime was an aggravated felony made more aggravated, as I said, by his own conduct. And, and he wouldn't have been, be back here today but for subsequent criminal conduct. And unfortunately he doesn't meet all the criteria that encourages a downward departure.

Approximately one week later, the court had second thoughts and issued a Memorandum Opinion and Order reducing defendant's sentence to 24 months of imprisonment. After acknowledging the applicable guidelines' provisions and related case law, the court concluded,

[A] downward departure may be warranted in other situations where, after evaluating the case in light of *Koon*[1], a District Court concludes the case before it falls outside the "heartland" of cases considered by the Commission.

Here, the Court so concludes. Perez was convicted of a relatively minor felony, some six years ago, involving minor property theft from unoccupied automobiles. Perez has apparently otherwise maintained steady employment during his time in the United States, and has not engaged in any other felonious criminal behavior. Other than violating his probation in an attempt to seek further employment, Perez cooperated positively with the

---

[1]The court is referring to *Koon v. United States*, 518 U.S. 81 (1996), where the Supreme Court discusses the distinction permitted under the sentencing guidelines for departing from them in atypical cases.

concern that defendant had brought trouble upon himself, first by violating his probation and then by assaulting his girlfriend. The Memorandum Opinion and Order that granted the downward departure, however, characterized defendant's probation violation as a search for employment and failed to mention the domestic assault at all.

The power granted by Rule 35(c) to a district court is exceedingly limited. In *United States v. Durham*, 178 F.3d 796, 800 (6th Cir. 1999), we observed that, "[t]he advisory committee's notes to Rule 35(c) provide that a court's authority to correct a sentence is very narrow, and that Rule 35(c) does not afford the district court an opportunity to reconsider its interpretation of the guidelines." The advisory committee's note we refer to states: "The subdivision is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." Fed. R. Crim. P. 35(c) advisory committee's notes, 1991 amendments; *see also Wisch*, 275 F.3d at 627 (Rule 35(c) does not permit court "to reimpose sentences based upon a subsequent change of heart"); *accord Morrison*, 204 F.3d at 1094.

Finally, an opinion from the second circuit, *United States v. Abreu-Cabrera, supra*, is instructive. In that case, the district court had second thoughts about imposing the sixteen-level adjustment for commission of an aggravated felony prior to illegal re-entry into the United States – the same issue now before us. In holding that the district court exceeded its authority under Rule 35(c), the court provided the following analysis:

Turning to the instant case, the district court's order referred to its wish "to consider correcting the sentence pursuant to Rule 35(c)." Although recognizing at Abreu-Cabrera's resentencing hearing that the presentence report's recommendations that he had relied

includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

Fed. R. Crim. P. 45(a). While Rule 45(a) does not mention Rule 35, Rule 45(b), which deals with the enlargement of time, specifically states that it does not apply to Rule 35. When drafting Rule 45, therefore, Congress was clearly aware of its interaction with Rule 35. Under the circumstances, we look to the following well-known rule of statutory construction as further evidence of Congressional intent: "The enumeration of exclusions from the operation of a statute indicates that the statute should apply to all cases not specifically excluded." 2A Singer, *Statutes and Statutory Construction* § 47:23 (6th ed. 2000). Because Rule 45(b) explicitly excludes Rule 35 from its purview, we can infer that Congress did not intend such an exclusion with respect to Rule 45(a). This conclusion is further bolstered by the fact that at least one of our sister circuits has applied the computation of time prescribed by Rule 45(a) to Rule 35(c). *See United States v. Wisch*, 275 F.3d 620, 626 (7th Cir. 2001). By applying our reasoning to the facts of this case, the district court acted within the seven-day limit even if we assume that the clock began to run when the sentence was orally pronounced.

### *The Departure*

Having concluded that the district court had jurisdiction to alter the sentence, we must next determine whether it had a proper basis to do so.

The district court never referred to Rule 35(c) in its Memorandum Opinion and Order. It merely characterized its earlier denial of defendant's motion for a downward departure as "robotic" and an instance of "clear error." As cited earlier, during the sentencing hearing the district court expressed

Commonwealth when convicted of stealing the car stereos. Perez has also demonstrated a willingness to acknowledge his guilt of the instant criminal offense by way of his plea of guilt. Finally, the Court notes Perez fully cooperated with this Court throughout the instant proceedings.

In light of the court's reasoning, we note in passing that defendant received the full three-point downward adjustment for acceptance of responsibility with respect to his original sentence.

### II.

### *Guidelines Considerations*

Guideline section 2L1.2 applies to an offense under 8 U.S.C. § 1362(b)(2). It provides a base offense level score of 8. When defendant was sentenced, § 2L1.2 provided the following specific offense characteristic:

If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater);

(A) If the conviction was for an aggravated felony, increase by 16 levels;

(B) If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by 4 levels.

U.S.S.G. § 2L1.2(b) (Nov. 2000). This version of the guideline included the following application note:

Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely. If subsection (b)(1)(A) applies, and (A) the defendant has previously been

convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravating factor.

U.S.S.G. § 2L1.2, comment. (n.5.).

## Standard of Review

We review a district court's downward departure at sentencing for an abuse of discretion. *United States v. Reed*, 264 F.3d 640, 646 (6th Cir. 2001) (citing *Koon v. United States,* 518 U.S. 81, 100 (1996)). Under the abuse-of-discretion standard, the district court's determination that a particular factor is a permissible basis for departure is a question of law to which we need not defer. *Id.*; *United States v. Weaver,* 126 F.3d 789, 792 (6th Cir. 1997).

The relevant sentencing statute, 18 U.S.C. § 3553(b), states that a sentencing court shall impose a sentence within the applicable Guidelines range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." In determining whether the Commission has adequately considered a particular circumstance, a sentencing court should consider "only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." *Id.*

## Jurisdiction of the District Court

The government contends that the district court lacked jurisdiction to re-sentence defendant because it failed to abide by the time limit imposed by Rule 35(c): "The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error."

The docket sheet reflects that the district court entered judgment on December 4, 2000 and then entered its order altering the sentence on December 5. Thus, it would appear that the court acted within the seven-day period imposed by Rule 35(c). However, the government argues that the clock begins to run when sentence is pronounced at the sentencing hearing, which occurred on November 27, eight days before the sentence was altered. This court has acknowledged a split among the circuits on whether the clock begins to run at the time of the sentencing hearing or the time that judgment is entered. *United States v. McGahee*, 257 F.3d 520, 533 (6th Cir. 2001) (collecting cases); *see also United States v. Gonzalez*, 163 F.3d 255, 263 (5th Cir. 1998) (discussing split in more detail); Andrew P. Rittenberg, Comment, *"Imposing" a Sentence under Rule 35(c)*, 65 U. Chi. L. Rev. 285 (1998) (discussing rationales for both positions and recommending a judgment entry date as trigger). Moreover, courts have generally held that the seven-day limit is jurisdictional. *Gonzalez* 163 F.3d at 263-64; *see also United States v. Morrison*, 204 F.3d 1091, 1093 (11th Cir. 2000); *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995).

We need not reach this question, however, because we agree with defendant's position that Federal Rule of Criminal Procedure 45(a) applies to the computation of time under Rule 35(c). Rule 45(a) provides:

In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of some paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When a period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in these rules, "legal holiday"