RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0016p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 04-4207

ROBERT L. ARROYO,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 04-00129—James Gwin, District Judge.

Submitted: November 29, 2005

Decided and Filed: January 17, 2006

Before: SILER and GRIFFIN, Circuit Judges; TARNOW, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** Diane L. Dougherty, Akron, Ohio, for Appellant. Bruce A. Khula, UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

GRIFFIN, Circuit Judge. Defendant Robert L. Arroyo ("Arroyo") appeals his sentence of fifty-one months imprisonment followed by a three-year supervised release imposed by the district court pursuant to a plea agreement reflecting Arroyo's admission to possessing one thousand or more marijuana plants in violation of 21 U.S.C. § 841(b)(1)(A)(vii). Arroyo was originally sentenced shortly after his plea agreement to a term of forty-one months' imprisonment followed by a term of three years of supervised release. After this sentencing, the government filed a motion to correct the sentence, pursuant to Federal Rule of Criminal Procedure 35(a), contending that it was clear error for the district court to have sentenced Arroyo below the statutory mandatory minimum sentence. The district court thereafter recalculated Arroyo's sentence to incorporate the mandatory minimum. Arroyo appeals the revised sentence, contending that the district court erred in granting the government's Rule 35(a) motion and, furthermore, that the district court sentenced him in violation of *United States v. Booker*, 125 S.Ct. 738 (2005). Because the district court's decision to

_____

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

resentence Arroyo exceeded its authority pursuant to Rule 35(a), we vacate the sentence and remand the matter to the district court with instructions to reinstate Arroyo's original sentence.

I.

Defendant Robert Arroyo was indicted on March 17, 2004, along with several other defendants, for his involvement in a marijuana manufacturing operation. Arroyo was indicted for one count of conspiracy to possess marijuana with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), all in violation of 21 U.S.C. § 846. Arroyo was also indicted in count two for knowingly manufacturing marijuana in excess of one thousand plants in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). On April 23, 2004, Arroyo pled guilty to count one of the indictment. The plea agreement stipulated several facts relevant to sentencing, including: (1) the amount of marijuana involved, (2) the statutory mandatory minimum of ten years, (3) Arroyo's two-level base offense increase, (4) Arroyo's prior drug conviction, (5) Arroyo's eligibility for a three-level acceptance of responsibility reduction, (6) that Arroyo's criminal history category remained undetermined, (7) that the government would move for an additional three-level reduction for substantial assistance pursuant to 18 U.S.C. § 1553(e), and (8) if the government moved for a substantial assistance departure, Arroyo would not seek a further downward departure. All parties approved the plea agreement but, before sentencing, the parties discovered that Arroyo did not in fact have a prior felony conviction, as the plea agreement assumed. This fact was duly reported in the presentence investigation report, which listed Arroyo's base-offense level as twenty-six and his total offense level at twenty-five, but did not factor the statutory mandatory minimum into the calculation.

Arroyo was sentenced by the district court on July 26, 2004, in accordance with the presentence report. Before the hearing, the government moved for a departure from the guidelines for substantial assistance pursuant to 18 U.S.C. § 1553(e). Although at the hearing the parties briefly discussed the role that the mandatory minimum would play in the sentence, the court ultimately adhered to the recommendation provided by the presentence report. The court then granted the government's motion for a downward departure, arriving at an offense level of twenty-two. Assuming the constitutionality of the sentencing guidelines, the court sentenced Arroyo to forty-one months' imprisonment followed by a three-year supervised release. The court further pronounced a "shadow" sentence in case the guidelines were found unconstitutional, imposing an alternative sentence of thirty-six months' imprisonment followed by a three-year supervised release.

Before a written judgment reflecting the original sentence was entered on the record, the government, pursuant to Rule 35(a), moved for "correction/reconsideration" of the original sentence. In its motion, the government contended that, contrary to the district court's calculations, the appropriate starting point was the mandatory minimum sentence, which, in Arroyo's case, was ten years. In support, the motion cited the sentence for Arroyo's co-defendant, Joseph Pedaline. Pedaline, like Arroyo, was not eligible for an additional downward departure pursuant to the so-called "safety valve" provision, 18 U.S.C. § 3553(f).[1] Although Arroyo's and Pedaline's plea recommendations contained identical calculations, Pedaline's sentence incorporated the statutory mandatory minimum, and, as a result, he was sentenced to fifty-four months' incarceration. Thus, the government contended, because Arroyo was not eligible for the safety valve provision, the court should have applied the lowest guidelines range that incorporated the mandatory minimum sentence.

---

[1] Pursuant to 18 U.S.C. § 3553(f), a defendant may be eligible to be sentenced below the statutory mandatory minimum if certain requirements are met. Although all of the defendants sentenced in the marijuana operation started their guidelines calculations at twenty-six (as recommended by Arroyo's presentence report), only some of the defendants were safety valve eligible.

After both sides briefed the motion, the district court conducted a hearing on August 25, 2004. At the hearing, the district court orally granted the government's motion after concluding that the original sentence was erroneous. Consequently, the court adjusted the applicable offense level to thirty to reflect the statutory mandatory minimum, then subtracted three levels apiece for Arroyo's substantial assistance and acceptance of responsibility, and reached a resulting range of fifty-one to sixty-three months. The court then pronounced a revised sentence of fifty-one months' incarceration and a three-year term of supervised release. Again, the court provided an alternative, but this time identical, sentence in the event that the guidelines were found unconstitutional. The written judgment of conviction and revised sentence was filed on August 26, 2004, reflecting a fifty-one month sentence and accompanying terms.

This timely appeal followed.

## II.

Arroyo contends that the district court erred in granting the government's Rule 35(a) motion. Rule 35(a) provides that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). Arroyo argues that the scope of this rule is too narrow to encompass the present situation, the motion to reconsider was improvidently granted, and, accordingly, all parties are bound by the original sentence.[2] We agree.

The authority conferred by Rule 35(a) to a district court is extremely limited. *United States v. Galvan-Perez*, 291 F.3d 401, 406 (6th Cir. 2002) (discussing Rule 35(c), the former Rule 35(a)).[3] The rule "is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence . . . [or] used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." *Id.* (quoting FED. R. CRIM. P. 35(c) advisory committee's note). We have approvingly quoted the Second Circuit in expounding on the narrow scope of Rule 35(a), noting that "if [an error] did not constitute an obvious error or mistake that would have resulted in a remand by this Court," it is outside of Rule 35(a)'s narrow purview. *Galvan-Perez*, 291 F.3d at 407 (quoting *United States v. Abreu-Cabrera*, 64 F.3d 67, 72 (2d Cir.1995)).

The government contends that Arroyo's original sentence was clearly erroneous pursuant to *United States v. Stewart*, 306 F.3d 295 (6th Cir. 2002), which held that when a statutory minimum applies, the appropriate place to begin the sentencing calculation for purposes of a downward departure is the statutory minimum, not the guidelines threshold, *id.* at 332. We need not address this question because we conclude that Arroyo's original sentence was not invalid or clearly erroneous and therefore not appropriate for review under Rule 35.

The original sentence pronounced by the district court was pursuant to the government's motion for a downward departure. Granting that motion, the district court sentenced Arroyo to forty-one months' incarceration and a three-year supervised release. This sentence was within the

---

[2] Although not raised on appeal, a second basis for reversal may be the violation of the seven-day period to correct mistakes. Prior to December 1, 2004, it was unsettled in the Sixth Circuit whether the seven-day period of Rule 34(a) ran from the date the written judgment was entered or from the date of its oral pronouncement. *United States v. Galvan-Perez*, 291 F.3d 401, 405 (6th Cir. 2002). The 2004 amendment to Rule 35 resolves this question. Rule 35(c) now provides that "[a]s used in this rule, 'sentencing' means the oral announcement of the sentence." FED. R. CRIM. P. 35(c) (effective Dec. 1, 2004).

[3] Rule 35(c), which addressed the authority of the court to correct certain errors in the sentence was amended in 2002 and is now located in Rule 35(a). *See* FED. R. CRIM. P. 35 advisory committee's note.

court's discretion.  The decisions of "whether to depart and how much to depart are entirely committed to the district judge's discretion." *United States v. Jones*, 417 F.3d 547, 550 (6th Cir. 2005) (citations omitted); *cf. United States v. Schray*, 383 F.3d 430, 433-34 (6th Cir. 2004) ("[I]f Defendant's motion for a downward departure had been granted, then the district court would have been permitted to sentence Defendant to anything under 120 months (i.e., the statutory minimum)."). In other words, by granting the downward departure for substantial assistance and pronouncing a corresponding sentence, the district court exercised its discretion and the resulting sentence was valid.

The government's attempts to revise the valid sentence are not permitted by Rule 35(a).  The original sentence was within the court's discretion, and by reviewing the sentence pursuant to Rule 35, the court improperly "reopen[ed] issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." FED. R. CRIM. P. 35(c) advisory committee's note.

We hold that Arroyo's original sentence was not invalid or clearly erroneous, and it was therefore outside of the purview of Rule 35(a), permitting a narrow review of only "arithmetical, technical, or other clear error[s]."  Accordingly, the government's motion to reconsider the district court's prior application of the sentencing guidelines was improper and contrary to the limited scope of Rule 35(a).

## III.

Because we conclude that the district court improperly entertained the government's Rule 35 motion, we need not address defendant's alternative resentencing argument.  For these reasons, we vacate the revised sentence and remand to the district court with the instruction to reinstate defendant's original sentence.