NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0366n.06

Case No. 19-3486

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jun 22, 2020<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| RONDELL P. WYLIE, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |

Before: MERRITT, MOORE, and MURPHY, Circuit Judges.

**MERRITT, Circuit Judge.** On March 28, 2019, at a hearing in open court, the district court sentenced defendant Rondell Wylie to 51 months in prison for his conviction of being a felon in possession of a firearm and ammunition. Fifteen days later, the district court informed the parties that it had experienced second thoughts, and intended to reopen the sentencing hearing and impose a lower sentence of 41 months. The court did not cite to any mathematical or clerical error in the calculation or imposition of the original 51-month sentence to justify the resentencing. At the reopened hearing, and over the government's objection, the district court sentenced defendant to 41 months in prison.

On appeal, the government argues that the district court lacked the authority to modify the sentence once it was orally imposed at the original sentencing hearing. Defendant contends that the district court properly reopened the hearing because it realized that it had erred in its

consideration of the 18 U.S.C. § 3553(a) factors, and because it failed adequately to consider the recently enacted First Step Act, which would likely result in a future lowering of his guideline range.

Because the district court lacked authority to change its mind *sua sponte* and impose a different sentence once it had orally pronounced a sentence in open court, we vacate the district court's sentencing order and remand with instruction to reinstate the 51-month prison sentence.[1]

**I.**

In November 2018, defendant Rondell Wylie pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A revised presentence report, dated February 25, 2019, calculated defendant's base offense level as 24.[2] Defendant received a three-level reduction for acceptance of responsibility, leaving him with an offense level of 21 and a criminal history category of IV, resulting in a guideline range of 57-71 months. Presentence Report at 14. At defendant's original sentencing hearing on March 28, 2019, both parties and the district court agreed that the guideline calculation was correct. Mar. 28, 2019, Sent'g Hr'g Tr. at 8, 12-13. After the court heard from both counsel and defendant, it reviewed the § 3553(a) factors and varied downward one level (from level 21 to level 20 with a resulting guideline range of 51-63 months) and imposed a sentence of 51 months, the bottom of the range. *Id*. at 37.

---

[1] We take no position on the merits of defendant's argument that he is eligible for a sentencing reduction under the First Step Act. We have long held that, when a defendant's case is on appeal and "an amendment . . . applies retroactively under § 1B1.10(c), the proper procedure is for this court to affirm the sentence but to remand for consideration of whether the prisoner is entitled to a sentence reduction under § 3582(c)." *United States v. Poole*, 538 F.3d 644, 646 (6th Cir. 2008); *see also United States v. Simmons*, 587 F.3d 348, 366 (6th Cir. 2009) ("[W]e nevertheless remand because Simmons is entitled to a 'second look' consideration pursuant [to] 18 U.S.C. § 3582(c)."). Nothing in this opinion prohibits defendant, the district court, or the Bureau of Prisons from seeking to modify defendant's sentence in accordance with 18 U.S.C. § 3582(c)(2).

[2] The base offense level was derived pursuant to § 2K2.1(a)(2), which provides for a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Here, defendant has one of each type of prior felony conviction: one was a "crime of violence" (Aggravated Assault); and the second was a controlled substance offense (Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine Base). Presentence Report at 4.

On April 12, 2019, 15 days after the sentencing hearing, the district court informed counsel for both parties that it wanted to hold a teleconference. During the teleconference, the district court informed counsel that

> when I reviewed my own work, I think I could have done a little better. . . . [W]hat I really think is a more representative sentence [than the 51 months given at the hearing] is about ten months shy of where I am, and that's [offense level] 18, at the range of 41-51 months. And I should have used the low end of that, the 41-month end.
> So revealing my error to you, and it's just my calculation and estimation of the effect the 3553(a) factors and all else I know about [defendant] . . ., I can reopen the record and bring you back, or I can issue the judgment for 41 months instead of 51 months.

Teleconference Tr. at 3-4. Counsel for defendant indicated, unsurprisingly, that he would have no objection and believed that the 41-month sentence was "more consistent" with the recently enacted First Step Act.[3] He explained, as set out in defendant's sentencing memorandum, that he believed the Sentencing Commission would modify the guidelines by the end of 2019 to reflect the lowered mandatory minimums prescribed by the First Step Act. *Id*. at 4-5. The government attorney expressed skepticism that the First Step Act would result in a change to the guideline range for defendant. *Id*. at 6. Based on this exchange between counsel, the district court stated:

> But I don't want to pretend that it's only because of that predict[ed change to the guidelines based on the First Step Act]. [Defense counsel] did write it [in defendant's sentencing memorandum] and I considered that. I just didn't heed it enough, I think, of all the considerations I had at that time. I ultimately think, when I look back at the one goal I'm tasked with . . ., and that's to, of course, abide by any statutory minimums, but ultimately to impose a sentence sufficient, but not greater, I blew it a little bit. I could have gone to 41 [months] and justify that happily, and I had difficulty signing the commitment order that I now have that says 51 [months].

---

[3] On December 21, 2018, the First Step Act of 2018 became law. Pub L. No. 115-391 (2018). The Act, inter alia, shortens mandatory minimums for some drug offenses, and lowers the mandatory minimum under the "three-strikes rule" for certain drug and firearm offenders with prior convictions.

*Id*. at 7-8. Government counsel responded that he did not want to set a precedent where a sentence could be revised later outside of the prescribed rules, and he believed that the court should hold a second sentencing hearing if it planned to revise the sentence. The court said it would "just reopen the hearing." *Id*. at 8. The government filed an objection to reopening the original sentencing hearing and modifying defendant's original sentence of 51 months after it had been lawfully imposed. Defendant did not make any further filings in the district court.

A "reopened" sentencing hearing was held on April 24, 2019. After hearing briefly from both parties, the district court said, "Based on the record earlier established, Mr. Wylie, which is incorporated herein, I hereby impose a 41-month term of incarceration with all other conditions I earlier imposed remaining in place." April 24 Sent'g Hr'g Tr. at 60. The court went on to explain to defendant that his appeal rights would run from that day and concluded with:

> The government has the same opportunity to appeal, and very likely may. Should the government be successful on appeal in overturning this sentence and should your attorney be correct that the advisory guideline range will be changed to be in step with the First Step Act, I'll reassemble you and I'll reimpose this [41-month] sentence.

*Id*. at 60-61. The government timely appealed.

## II.

### A. Applicable Statutes and Rules: Rule 35 and 18 U.S.C. § 3582(c)

The government contends on appeal that the district court may not modify a term of imprisonment, except as set out in 18 U.S.C. § 3582(c).[4] Section 3582(c) provides that the

---

[4] 18 U.S.C. § 3582(c) states in relevant part:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

    (1)  in any case—

      . . .

sentencing court "may not modify a term of imprisonment once it has been imposed" except under certain specified circumstances, such as when permitted by Federal Rule of Criminal Procedure 35, or if the defendant's sentence is based on a sentencing range that has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(B), (c)(2). We will examine each subsection in turn.

### 1. Federal Rule of Criminal Procedure 35

Rule 35 permits a court to correct a sentence within 14 days for clerical error, or within one year for "substantial assistance." Fed. R. Crim. P. 35.[5] The district court made no finding, or

---

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[5] Federal Rule of Criminal Procedure 35, Correcting or Reducing a Sentence, states in its entirety:

(a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

(b) Reducing a Sentence for Substantial Assistance.

(1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

(2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

(A) information not known to the defendant until one year or more after sentencing;

(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

(3) Evaluating Substantial Assistance. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

(4) Below Statutory Minimum. When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

(c) "Sentencing" Defined. As used in this rule, "sentencing" means the oral announcement of the sentence.

even mentioned, that it was correcting a clerical or mathematical error in the guideline calculations, and defendant did not claim any such error below, nor does he on appeal. Furthermore, the fourteen-day window to correct a sentencing error had closed. The other permissible reason for resentencing under Rule 35, defendant's substantial assistance to the government, is not at issue in this case.

Rule 35 also explicitly defines "sentencing" to mean the oral pronouncement of the sentence. Fed. R. Crim. P. 35(c).[6] Thus, a sentence is imposed when it is orally pronounced at the sentencing hearing. *United States v. Davis*, 924 F.3d 899, 905 n.4 (6th Cir. 2019) (observing that sentence is imposed when it is orally pronounced); *see also United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2020) ("In the general context of criminal sentencing, a sentence is 'imposed' when the trial court announces it, not when the defendant has exhausted his appeals from the trial court's judgment.").

As the sentence here was "imposed" at the time it was orally pronounced at the original sentencing hearing on March 28, 2019, we must next determine whether the district court could change its mind after the sentence was imposed but before the entry of a written judgment. In *United States v. Arroyo*, 434 F.3d 835, 837 (6th Cir. 2006), and *United States v. Houston*, 529 F.3d 743, 747 (6th Cir. 2008), we addressed whether a district court could grant a motion for reconsideration of the sentence after it was orally pronounced but before entry of the written judgment. In both instances, we held that the sentencing court erred in granting the motion for reconsideration because the case did not fall within any of the exceptions contained within Rule 35, so the sentencing court could not modify the term of imprisonment. *Houston*, 529 F.3d at 748–

---

[6] Rule 35 states, "As used in this rule, 'sentencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c). The advisory committee notes to the 2004 amendments of Rule 35 inform that this provision was added to resolve a circuit split over whether the term "imposition of sentence" means "the oral announcement of the sentence" or "the entry of the judgment."

49; *Arroyo*, 434 F.3d at 838–39. Indeed, *Arroyo* noted that Rule 35 "is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence." 434 F.3d at 838 (quoting *United States v. Galvan-Perez*, 291 F.3d 401, 406 (6th Cir. 2002)). Defendant tries to distinguish these cases by noting that the modifications in *Arroyo* and *Houston* were made after a motion for reconsideration was filed and in this case the court modified the sentence *sua sponte*, but he does not explain how this distinction is relevant.

   **2. 18 U.S.C § 3582(c)(2)**

   In addition to Rule 35, another avenue for reducing a sentence falls under 18 U.S.C. § 3582(c)(2), which allows for a sentencing reduction for a defendant who has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 3582(c)(2) requires that the defendant or the Bureau of Prisons move to modify a sentence, or the court may do so "on its own motion." Neither the district court, the defendant nor the Bureau of Prisons moved for a sentencing modification under the statute. Defendant did argue for a lower sentence at his original sentencing hearing pursuant to the First Step Act, but the Sentencing Commission had not yet lowered the guideline range pursuant to the Act, and the government expressed doubt that defendant would be eligible for any reduction in the future. *See* Defendant's Sentencing Memorandum; Mar. 28, 2019, Sent'g Hr'g Tr. at 19-20.

   Defendant argues on appeal that the district court likely resentenced him based on the possibility of changes to his guideline range based on the First Step Act. He contends that "due to recent changes in the Federal Sentencing Guidelines through implementation of the First Step Act of 2018, Wylie's base offense level should be at level 20, not at level 24, thereby making his

guideline range from 37-46 months."[7]  Defendant-Appellee's Br. at 7.  The district court did not mention the First Step Act in imposing the original 51-month sentence, and it did not explain its reason or reasons for wanting to reduce defendant's sentence after the hearing, other than putting the blame on itself by saying it "blew it."  The court made no findings at the reopened hearing on April 24 regarding the applicability of the First Step Act to defendant, but it stated at the conclusion of the hearing that "should your attorney be correct that the advisory guideline range will be changed to be in step with the First Step Act, I'll reassemble you and I'll reimpose *this* [41-month] sentence." Apr. 24, 2019, Sent'g Hr'g Tr. at 61 (emphasis added).  Even if the district court did in fact reopen the sentencing hearing based on the possibility of future changes to the guidelines arising from the First Step Act, the district court's sua sponte "reopening" of the original sentencing proceeding, and the subsequent reduction of defendant's sentence, was improper in the absence of a motion made in accordance with 18 U.S.C. § 3582(c)(2).

Because it is undisputed that neither of the two circumstances under Rule 35 are applicable (clerical or mathematical error or substantial assistance motion), and because no party had made a motion pursuant to 18 U.S.C. § 3582(c)(2) to modify defendant's sentence, the district court was without authority to reopen the sentencing hearing and impose a new sentence.

**B. <u>Remand</u>**

Remands can be either general or limited in scope.  Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate. *See, e.g.*, *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997) ("[A] limited remand constrains the district court's resentencing authority to the issue or issues

---

[7] If defendant had received a base offense level of 20 and then received the three-level reduction for acceptance of responsibility, he would be at level 17.  With a criminal history category of IV, his sentencing range would be 37-46 months under the 2018 guidelines.

remanded."). General remands, in contrast, give district courts authority to address all matters consistent with the remand. *Id.* at 597. In this case, following the general-remand rule that a district court can review sentencing matters *de novo* on remand would frustrate the purposes of Rule 35 and 18 U.S.C. § 3582(c). We therefore remand the case for the limited purpose of reimposing the original 51-month sentence on defendant.

For the foregoing reasons, we remand to the district court for proceedings consistent with this opinion.