NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0206n.06

No. 20-3595

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 20, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JOSEPH DERRICK TURNER, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM. Joseph Derrick Turner appeals his sentence for drug and firearm offenses. As set forth below, we **AFFIRM**.

Turner pleaded guilty to charges of: maintaining a drug-involved premises from May 1, 2019, to June 11, 2019, in violation of 21 U.S.C. § 856(a)(1), (b) (Count 1); being a felon in possession of a firearm and ammunition on May 1, 2019, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2); distributing a mixture and substance containing a detectable amount of heroin, fentanyl, carfentanil, and para-fluoro furanyl fentanyl on June 10, 2019, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 3); and possessing with intent to distribute 10 grams or more of a mixture and substance containing a detectable amount of heroin, fentanyl, carfentanil, and para-fluoro furanyl fentanyl on June 13, 2019, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi) (Count 4). Grouping those counts together, Turner's presentence report set forth a base offense level of 24 for the drug quantity involved and a 2-level enhancement for possession of a dangerous

weapon. *See* U.S.S.G. §§ 2D1.1(b)(1), (c)(8) (firearms enhancement and offense level); 3D1.2 (grouping of offense conduct). The presentence report went on to designate Turner as a career offender and calculated his guidelines range under U.S.S.G § 4B1.1. Turner objected to his designation as a career offender but did not challenge the 2-level weapon enhancement. At sentencing, the district court sustained Turner's objection to the career-offender designation and calculated his guidelines range as 84 to 105 months based on a total offense level of 23, including the 2-level weapon enhancement, and a criminal history category of V. The district court sentenced Turner to concurrent prison terms of 105 months for Counts 1, 3, and 4 and 120 months for Count 2.[1] When the district court asked for objections at the conclusion of the sentencing hearing, Turner did not challenge the weapon enhancement.

On appeal, Turner argues that the district court erred in applying the 2-level enhancement for possession of a dangerous weapon and using a sentencing range of 84 to 105 months, as opposed to 70 to 87 months, to sentence him. Because Turner did not object to the weapon enhancement at sentencing, we review for plain error. *United States v. Rios*, 830 F.3d 403, 437

---

[1] At sentencing, the district court ordered that Turner "be imprisoned for a term of 105 months on each of Counts 1, 3 and 4 and 120 months on Count 2, all to be served concurrently," and "be placed on supervised release of three years on Counts 1[, 2] and 3 but four years on Count 4[,] [a]ll to run concurrently." The written judgment, however, sentenced Turner to concurrent terms of 105 months of imprisonment and three years of supervised release on all four counts. "[I]f there is a discrepancy between the oral pronouncement of a criminal sentence and the written judgment, the oral sentence generally controls." *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). Turner does not address this discrepancy, asserting that the district court sentenced him to 105 months of imprisonment. The government contends that the sentencing transcript reflects a clerical error or misstatement. Under Federal Rule of Criminal Procedure 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." But the district court's oral pronouncement of Turner's sentence was not invalid or clearly erroneous. *See United States v. Arroyo*, 434 F.3d 835, 839 (6th Cir. 2006). In contrast, the district court's written judgment was erroneous because Count 4 required a four-year term of supervised release. *See* 21 U.S.C. § 841(b)(1)(B). Turner nevertheless forfeited this issue by failing to address it in his appellate brief. *See United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006).

(6th Cir. 2016). Turner must "show (1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Section 2D1.1(b)(1) of the Guidelines provides for a 2-level enhancement to the offense level for a drug-related conviction "[i]f a dangerous weapon (including a firearm) was possessed." According to the Guidelines, "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. (n.11(A)). Application of the enhancement requires the government to prove by a preponderance of the evidence that (1) the defendant actually or constructively possessed the weapon and (2) such possession occurred during the commission of the offense or relevant conduct. *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020). Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction" and "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(1)(A), (a)(2). Once the government establishes that the defendant possessed the weapon during the commission of the offense or relevant conduct, "a presumption arises that the weapon was connected with the offense of conviction." *West*, 962 F.3d at 188. "The defendant may overcome this presumption only upon demonstrating that 'it is clearly improbable that the weapon was connected with the offense.'" *Id.* (quoting U.S.S.G. § 2D1.1 cmt. n.11(A)).

By failing to object to the relevant facts regarding his offense conduct as set forth in the presentence report, Turner admitted those facts. *See Vonner*, 516 F.3d at 385. According to the

presentence report, law enforcement officers executed a search warrant at Turner's apartment on May 1, 2019. The officers found a handgun, ammunition, over $2,000 in currency, bags of marijuana and an unknown brown powder, marijuana edibles, vials of hashish oil, and other indicia of drug trafficking, including paper folds for packaging heroin, a digital scale, and a marijuana grinder. Upon questioning, Turner took responsibility for the handgun and admitted that he engaged in the sale of marijuana and heroin from the apartment and that he flushed heroin down the toilet as the officers made entry into the apartment. On June 10, 2019, after Turner's release from jail, a confidential informant made a controlled purchase of 0.99 grams of heroin from him. Based on Turner's continued drug-trafficking activity, law enforcement officers conducted a second search of his apartment on June 13, 2019, and found bags of marijuana and heroin, over $1,000 in currency, a scale, and a grinder, but no firearm or ammunition.

Turner argues on appeal that the district court erred in applying the weapon enhancement because he did not possess a firearm on June 13, 2019, when the drugs used to calculate his base offense level were discovered. The presentence report reflects that, contrary to Turner's argument, drugs recovered during the May 1, 2019 search were also included in the drug quantity used to determine his base offense level. Even if no drugs recovered during the May 1, 2019 search were used to calculate his base offense level, Turner still possessed the handgun during relevant conduct. Turner pleaded guilty to maintaining his apartment as a drug-involved premises from May 1, 2019 through June 11, 2019. That offense was part of the same course of conduct or common scheme or plan as Turner's conviction for possession with intent to distribute controlled substances arising out of the June 13, 2019 search of his apartment, and Turner has failed to point to any evidence showing that it was clearly improbable that the handgun found in his apartment on May 1, 2019 was connected to his drug-trafficking activity.

The district court did not commit any error—let alone plain error—in applying the 2-level weapon enhancement.  Accordingly, we **AFFIRM** Turner's sentence.