*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0231p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

No. 06-6329

>

JAMES E. HOUSTON,

        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 06-00027—James H. Jarvis, District Judge.

Argued: November 27, 2007

Decided and Filed: June 27, 2008

Before: CLAY, SUTTON, and McKEAGUE, Circuit Judges.

————————————

## COUNSEL

**ARGUED:** David M. Eldridge, ELDRIDGE & BLAKNEY, Knoxville, Tennessee, for Appellant. John P. MacCoon, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee. **ON BRIEF:** David M. Eldridge, Loretta G. Cravens, ELDRIDGE & BLAKNEY, Knoxville, Tennessee, for Appellant. John P. MacCoon, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

       McKEAGUE, J., delivered the opinion of the court, in which SUTTON, J., joined. CLAY, J. (pp. 12-16), delivered a separate dissenting opinion.

————————————

## OPINION

————————————

       McKEAGUE, Circuit Judge. Defendant-appellant appeals from a judgment sentencing him to a prison term of twelve months and a day, followed by three years of supervised release. Appellant contends the district court erred by granting the government's motion to strike its amended judgment of sentence, under which he had been sentenced to probation only. In addition, appellant contends the reinstated original sentence is procedurally and substantively unreasonable. Finding that the district court did not err by striking the amended judgment and that the sentence ultimately imposed is not unreasonable, we affirm the judgment of the district court.

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This appeal stems from an illegal gambling enterprise known as "the numbers."  From 2000 to 2005, defendant James E. Houston, of Knoxville, Tennessee, and several co-conspirators ran an illegal gambling operation in the states of Alabama, Georgia and Tennessee that resembled a state lottery in many respects.  Defendant, an otherwise legitimate and apparently successful businessman, served as the "bank" for the operation and derived substantial benefit from his participation.

In March 2006, a two-count bill of information was filed in the U.S. District Court for the Eastern District of Tennessee, alleging that defendant conspired to conduct an illegal gambling business involving a numbers lottery, in violation of 18 U.S.C. §§ 371 and 1955, and conspired to launder the proceeds of an illegal gambling operation, in violation of 18 U.S.C. §§ 1956(h) and 1957.  Defendant pleaded guilty to both charges in April 2006.  Pursuant to the plea agreement, defendant agreed to forfeit money and property obtained as a result of the gambling operation.  The plea agreement includes the government's acknowledgment that defendant had provided "substantial assistance" by encouraging his co-defendants to plead guilty, based upon which the government agreed to file a motion for downward departure pursuant to § 5K1.1 of the Sentencing Guidelines. The government further agreed to "represent to the Court that any lawful sentence that the Court deems appropriate is acceptable to the United States."  Plea Agreement ¶ 7, JA 57.

Defendant was sentenced by the district court on July 19, 2006.  According to the presentence report ("PSR") prepared by the Probation Department, defendant's base offense level under the Sentencing Guidelines was 12.  The PSR recommended a four-level increase due to defendant's role as an organizer or leader of a scheme involving five or more participants, pursuant to § 3B1.1(a) of the Guidelines.  Defendant's offense level was reduced by three levels due to his acceptance of responsibility.  Defendant's single prior misdemeanor conviction in 1990 placed him in criminal history category I.  The resulting Guidelines sentencing range was 15 to 21 months. Defendant did not object to the PSR.

During sentencing, the district court noted that defendant had worked hard to establish himself as a businessman, had cooperated with the government, and had agreed to a substantial forfeiture of property.  Accordingly, the court granted the government's motion for downward departure.  The court declined defendant's request to impose a sentence of probation only, finding that defendant was the "organizer," "the main man," whom the other co-conspirators had trusted. Sentencing tr. pp. 16-17, JA 202-03.  The court imposed a sentence of 12 months' imprisonment on each count, the two sentences to run concurrently.  This sentence, the court observed, would afford "adequate deterrence" and "just punishment." *Id*.  The court also imposed a supervised release term of three years.  Upon request of defense counsel, the court changed the prison sentence to twelve months and a day so that defendant would be eligible for an earlier release from the Federal Bureau of Prisons.  The court then asked if the parties had any objections to the sentence.  Defendant did not object.

On July 24, 2006, five days after sentencing and prior to entry of the judgment, defendant filed a "motion for reconsideration."  Defendant contended the sentence imposed, representing a downward departure of three months from the low end of the advisory Guidelines range, was still greater than necessary to comply with the purposes of sentencing set forth at 18 U.S.C. § 3553(a)(2). He noted that the court had not expressly considered his arguments:  (1) that he grew up in a community where playing the numbers was culturally accepted; and (2) that he had a history of assisting others in the community, had strong familial relationships, and provided support for his children and mother.  Further, he complained that the sentence was disproportionately harsh in comparison with sentences imposed on other similarly situated defendants in the Northern Division of the Eastern District of Tennessee.  In this respect, the motion was supported by the affidavit of defendant's attorney, David M. Eldridge, stating in pertinent part:

Accordingly, based upon my personal experience as well as following cases in this court since 1988, to the best of my personal knowledge, no individual who has pled guilty to involvement in an illegal gambling business, cooperated, and received a Motion for Downward Departure has ever been sentenced to a term of incarceration in the Northern Division of the Eastern District of Tennessee. This category of defendants, who have not been incarcerated, includes those who have been denominated as an organizer or leader under the guidelines.

Eldridge aff. ¶ 5, JA 128. The motion represented that the government "does not oppose this motion for reconsideration if the Court deems it appropriate to reconsider Mr. Houston's sentence." Motion ¶ 11, JA 125.

Three days later, without conducting a hearing, the district court issued a memorandum and order granting defendant's motion. JA 148. The court confirmed that it *had* previously considered defendant's history and personal characteristics raised in the motion for reconsideration. The court acknowledged, however, that it had not previously considered the sentencing disparities issue. After considering the "new information" presented by defense counsel and "independently researching" the matter, the court concluded that defense counsel was correct and that a term of incarceration was too harsh and greater than necessary to comply with the purposes of sentencing. Memorandum and Order pp. 2-3, JA 149-50. The court ordered that the judgment of sentence be amended by substituting a period of two years' probation for the original prison term of twelve months and a day. The judgment of sentence was entered on July 31, 2006.

On August 3, 2006, the government moved to strike the amended judgment for three reasons: (1) because the court lacked authority to amend defendant's sentence under Rule 35(a) of the Federal Rules of Criminal Procedure; (2) because defendant had misrepresented the government's position on the motion for reconsideration; and (3) because the factual basis for the sentence reduction was inaccurate. The district court granted the government's motion to strike the amended judgment on October 3, 2006. In a 10-page memorandum and order, the court explained that it had granted the motion for reconsideration and reduced defendant's sentence for two reasons. First, the court had been persuaded by defendant's new argument, as well as its own independent research, concerning the need to avoid unwarranted sentence disparities under 18 U.S.C. § 3553(a)(6). Memorandum and Order p. 3, JA 172. Second, despite being "acutely aware that it was on legal ground of questionable firmness when it granted defendant's motion for reconsideration," the court had relied on defendant's representation that the government had no objection to the motion. *Id.* at 9, JA 178.

When the government belatedly raised its objection through the motion to strike, explaining that the earlier, inaccurate representation of its position had been the product of a miscommunication, the court was constrained to acknowledge that it was without authority to correct the original sentence under Rule 35(a). *Id.* at 8-9, JA 177-78. The court nevertheless maintained that it had not fully considered the sentence disparities factor when it originally sentenced defendant. *Id.* at 9, JA 178. Further, the court acknowledged that the government's opposition to the reduced sentence demonstrated that the record remained incomplete and inadequate to enable fair comparison of similarly situated defendants. Hence, the record remained insufficiently developed to permit a determination whether defendant's twelve-months-and-a-day prison term constituted an unwarranted disparity under § 3553(a)(6). Yet, being without authority to alter the originally imposed sentence, the court was "compelled to reimpose the sentence originally announced on July 19, 2006." *Id.* at 10, JA 179. The amended judgment was entered on October 10, 2006 and this appeal followed.

## II. ANALYSIS

### A. Order Striking Amended Judgment

The district court concluded that it did not have authority to correct the originally pronounced sentence and therefore granted the motion to strike. Defendant contends that the district court erred when it granted the government's motion to strike the amended judgment, insisting that the district court *did* have authority to correct "clear error" in the original sentencing. The asserted "clear error" the district court was asked to correct was twofold. *See* Memorandum in Support of Reconsideration pp. 4-6, JA 132-34. First, defendant contended the district court had not adequately explained why its consideration of two factors under 18 U.S.C. § 3553(a)(1) did not warrant a downward variance greater than three months. Specifically, these two asserted factors are "the nature and circumstances of the offense" (i.e., the fact that defendant grew up in a community where playing the numbers was culturally accepted); and "the history and characteristics of the defendant" (i.e., his strong familial relationships and his history of generosity to others and good citizenship). *Id.* Second, the district court was said not to have expressly considered, under 18 U.S.C. § 3553(a)(6), "the need to avoid unwarranted sentence disparities." Arguing that these failures by the district court represented "clear errors" that were correctable by the district court, defendant now would have us vacate the order striking the amended sentence and remand the case to the district court for entry of the original amended sentence of two years' probation.

Whether the district court had the authority to resentence defendant is a question of law subject to *de novo* review. *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001). The authority of a district court to resentence a defendant is limited by statute. *Id.* at 585.[1] Specifically, 18 U.S.C. § 3582(c)(1)(B) provides in relevant part that a "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed sentence of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

Rule 35(a) represents the only arguably applicable authority for correction of the original sentence in this case. It provides that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The authority to correct a sentence conferred by Rule 35(a) is "extremely limited." *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006). As the Rule 35 Advisory Committee Note makes clear, the rule "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or . . . simply to change its mind about the appropriateness of the sentence . . . [or] to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." *See also United States v. Galvan-Perez*, 291 F.3d 401, 406-07 (6th Cir. 2002) (noting that a sentencing judge may not use Rule 35(a) to alter a discretionary decision merely because he later had a "change of heart"). Unless an error is an "obvious error or mistake" that would have resulted in a remand by the appellate court, it is outside of Rule 35(a)'s narrow purview. *Arroyo*, 434 F.3d at 838.

The original sentence imposed by the district court in this case was not marked by any arithmetical or technical error. Hence, the district court had authority to modify its original sentence only if it suffered from some other "clear error" that would have necessitated an appellate remand for re-sentencing. In granting defendant's motion for reconsideration, the district court did not identify such an error. Rather, it relied on the government's purported non-objection to reconsideration and the "new information" produced by defense counsel and confirmed by the

---

[1]The *Ross* court rejected the argument that a sentencing court has any inherent power to modify a sentence of imprisonment. 245 F.3d at 586.

court's own independent research concerning sentences imposed on other "similarly situated" defendants in the Northern Division of the Eastern District of Tennessee. In other words, based on new information, the district court reconsidered, or changed its mind concerning, the extent of the appropriate downward adjustment from the low end of the advisory Guidelines sentencing range.

When the government belatedly lodged its objection, the district court characterized its amended sentence as having been premised on a "perceived misinterpretation of sentencing factors," an error the district court conceded was beyond its power to correct, citing *United States v. Durham*, 178 F.3d 796, 800 (6th Cir. 1999). Memorandum and Order p. 8, JA 177. Thus, although the district court regretted not having fully considered the sentence disparities issue when it first sentenced defendant, it concluded that its failure to do so did not constitute the sort of "clear error" that it was at liberty to correct. In this, defendant contends, the district court erred. For the reasons that follow, we disagree.

The gravamen of defendant's argument is that the district court's failure to explicitly consider the required § 3553(a) factors constitutes "clear error" within the meaning of Rule 35(a), i.e., an error that obviously "would have resulted in remand by this Court." *Arroyo*, 434 F.3d at 838 (quoting *Galvan-Perez*, 291 F.3d at 407). In support of this argument, defendant has relied in part on *United States v. Vonner*, 452 F.3d 560 (6th Cir. 2006) (vacating a sentence for failure to provide adequate explanation). *See* Memorandum in Support of Reconsideration pp. 4-6, JA 132-34. The *Vonner* decision has been vacated, however, by the Sixth Circuit sitting *en banc*, which recently issued a new ruling, applying plain-error review and affirming the district court judgment. *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008). The *en banc* court's *Vonner* decision is important to our resolution of the instant appeal for a couple of reasons.

As a threshold matter, *Vonner* applied plain-error review, per *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), because defendant Vonner had not, when given the opportunity at sentencing, expressly stated an objection to the adequacy of the court's explanation for the sentence. *Vonner*, 516 F.3d at 385-86. This teaching is relevant here, too, as we consider whether the district court's asserted errors were of such a nature that they should have been viewed, in the eyes of the district judge, as obviously warranting an appellate remand. *Vonner* confirms the already well-established *Bostic* rule: If, at the conclusion of a sentencing hearing, the judge asks the parties whether they have any objections to the proposed sentence that have not previously been raised, and the relevant party does not object, then plain-error review applies on appeal to those arguments not preserved in the district court. *Id*. at 385. Here, when the district court asked the parties whether there was any objection to the proposed sentence, no objection was made. That is, defendant did not challenge the adequacy of the court's explanation of its sentence and did not raise the sentence disparities issue. It follows that appellate scrutiny would have been limited to plain-error review. And because, as we demonstrate below, defendant has not shown plain error, we agree with the district court that he did not show clear error either.

Under plain-error review, relief is granted only under "exceptional circumstances." *Id*. at 386. That is, defendant Houston would have been required to show "(1) error (2) that was 'obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id*. (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

In *Vonner*, the *en banc* court applied plain-error review to the question whether re-sentencing was required where the district court had imposed a within-Guidelines sentence without explicitly stating why it denied the defendant's request for a downward variance. The court acknowledged that the sentencing court's explanation was not "ideal;" that it failed to specifically address all of Vonner's arguments for leniency. Yet, the record demonstrated that the district court had considered the nature and circumstances of the offense and the history and characteristics of the defendant.

Nothing in the record suggested that the sentencing court did not listen to, consider and understand every argument Vonner made. Citing *Rita v. United States*, — U.S. — , 127 S.Ct. 2456, 2469 (2007), the court observed that a lengthy reasoned explanation was not required because the request for leniency was "conceptually straightforward." *Vonner*, 516 F.3d at 388. Further, the court noted that Vonner's arguments in mitigation were not disputed by the government and therefore did not amount to "controverted matters" on which the district court was required to rule under Rule 32 of the Federal Rules of Criminal Procedure, Fed. R. Crim. P. 32(i)(3)(B). *Id*. at 388-89. Hence, the *en banc* court concluded the sentencing court had not *plainly* violated its duty to analyze the *relevant* sentencing factors or Vonner's arguments for leniency. *Id*. Vonner's inadequate-explanation objection was overruled, his procedural-unreasonableness challenge was denied, and the district court's judgment of sentence was affirmed.

Here, defendant Houston's request for reconsideration was based on two asserted errors. First, he argued that the district court did not adequately explain why such circumstances as cultural acceptance of gambling, familial relationships, and his history of generosity were not deemed to merit a greater-than-three-months downward variance. *Id*. In response, the district court confirmed that it had fully considered these circumstances. Memorandum and Order p. 2, JA 149; Memorandum and Order p. 2, JA 171. Clearly, the district court's mere failure to fully *explain* the extent of its consideration of sentencing factors, which it had in fact fully considered, could not have been viewed by the district court as plain error so affecting Houston's substantial rights and impugning the fairness of the proceeding that appellate correction would have been clearly warranted. This conclusion is further buttressed, of course, by *Vonner*'s holding on the merits of a similar adequacy-of-explanation challenge. The district court did not err, therefore, in its determination that this first basis for reconsideration did not constitute "clear error" that it had authority to correct under Rule 35(a).

The second basis for defendant's motion for reconsideration was the district court's failure to expressly consider the need to avoid unwarranted sentence disparities. The district court freely acknowledged that it had not fully considered this factor. Based on defense counsel's affidavit, attesting to his knowledge and belief concerning sentences received by other gambling offenders in the area, the district court undertook confirmatory research and, in view of the government's supposed non-objection, amended the original sentence. "In light of this new information," the court explained, "[and] [g]iving due weight to the [sentencing] factors, the court is now of the opinion that a sentence of twelve months and one day is greater than necessary . . ." Memorandum and Order p. 3, JA 150. In other words, the district judge changed his mind in his application of the Sentencing Guidelines, thereby acting outside the bounds of his authority under Rule 35(a), as he later freely conceded.

Further, this sentence disparities factor was not mentioned in the PSR (to which defendant did not object), and neither party made an issue of the factor prior to or during the sentencing hearing. Because defendant did not preserve the issue per *Bostic*, an appellate challenge to the sentence on this basis would also have been subject to plain error review. It is also apparent that, since the sentence disparities factor had not been raised, it had not become a manifestly "relevant" sentencing factor at the time of sentencing and, per *Vonner*, the court's failure to consider it could hardly have been viewed as "clear" or "plain" error, if error at all. *See also United States v. Kirchhof*, 505 F.3d 409, 413 (6th Cir. 2007) ("If the record demonstrates that the sentencing court addressed the *relevant* factors in reaching its conclusion, the court need not explicitly consider each of the § 3553(a) factors or engage in a rote listing or some other ritualistic incantation of the factors." (citing *United States v. Dexta*, 470 F.3d 612, 614-15 (6th Cir. 2006)(emphasis added)); *United States v. Simmons*, 501 F.3d 620, 625 (6th Cir. 2007) (holding that district judge is required to explicitly consider only those factors raised by defendant or otherwise particularly relevant).

In *Simmons*, moreover, the court specifically addressed the § 3553(a)(6) sentence disparities issue and held that the sentencing court was under a duty to explicitly consider it only if raised by the defendant or if it was otherwise shown to be "particularly relevant." *Simmons*, 501 F.3d at 625. *See also United States v. Husein*, 478 F.3d 318, 330-32 (6th Cir. 2007) (upholding sentence over procedural-unreasonableness challenge where five of six sentencing factors were considered, even though § 3553(a)(6) was left undiscussed). Otherwise, a failure to explicitly consider the § 3553(a)(6) factor could be deemed to evidence a procedurally unreasonable sentence only if the failure were shown to stem from a "complete ignorance of that factor." *Simmons*, 501 F.3d at 626.

Here, the sentence disparities issue had not been raised by defendant at the time of sentencing and there was no reason to believe it was particularly relevant. When, post-sentencing, the sentencing judge was confronted with "new information" concerning sentencing practices in the vicinity, he *believed* that he had ignored this factor. In this belief, however, the sentencing judge misconceived the nature of the factor. "Subsection 3553(a)(6) is concerned with *national* disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct." *Id.* at 623 (emphasis added). This factor is designed to "ensure nationally uniform sentences among like offenders." *Id.* Considering that one of the fundamental purposes of the Guidelines is to help maintain national uniformity in sentences, and considering that most sentences are within the Guidelines, the Guidelines themselves represent the best indication of national sentencing practices. *Id.* at 626.

Hence, by initially and correctly determining what defendant Houston's advisory Guidelines range would be, the sentencing court necessarily—albeit implicitly and even unwittingly—took account of the national uniformity concern embodied in § 3553(a)(6). *See id.* Contrary to his own belief, the sentencing judge did not fail to consider the sentence disparities factor. The Supreme Court recently elaborated on this very point:

> As with the seriousness of the offense conduct, avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges. Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.

*Gall v. United States*, — U.S. — , 128 S.Ct. 586, 599 (2007). *See also United States v. Phinazee*, 515 F.3d 511, 520 (6th Cir. 2008) (observing that Guidelines as a whole embrace the need to avoid unwarranted sentence disparities). The district court did not, therefore, clearly err by failing to expressly describe its consideration of the unasserted sentence disparities issue.

Moreover, the representations made by defense counsel in support of reconsideration, i.e., the representations that triggered the sentencing judge's misapprehension that he had committed error, did not even implicate national sentence disparities. They pertained to *local* sentence disparities, which are not a concern of § 3553(a)(6). The district judge, in his discretion, might have considered local disparities to be a relevant consideration if timely raised. We cannot hold, however, that he clearly erred by failing to take such a non-mandatory consideration into account where it had not been timely raised.

We therefore conclude that neither of the asserted grounds for reconsideration presented the sort of clear error that would have warranted appellate remand. The district court lacked authority under Rule 35(a) to alter the sentence originally imposed. Of course, this is the very conclusion that the district court correctly reached when it granted the government's motion to strike the amended

sentence.[2]  Inasmuch as this is the only basis on which defendant Houston challenges the district court's order granting the government's motion to strike, we overrule the objection and uphold the order vacating the amended judgment.[3]

As a consequence of that order, the district court proceeded to re-impose the original sentence, sentencing defendant to a prison term of twelve months and a day.  Defendant challenges this sentence as procedurally and substantively unreasonable.

### B.  Procedural Unreasonableness

Even though the sentence ultimately imposed represents a three-month downward variance from the low-end of the advisory Guidelines range, defendant contends the sentence is marked by procedural unreasonableness because the sentencing judge admitted that he failed to fully consider the § 3553(a)(6) sentence disparities issue.  Had this factor been properly considered, defendant argues, it is evident that the sentencing judge would have granted a greater downward variance. That is, notwithstanding our holding that the district court did not "*clearly* err," defendant maintains that the court "erred" by imposing a procedurally unreasonable sentence.

We review a judgment of sentence for reasonableness under an abuse-of-discretion standard. *Gall*, 128 S.Ct. at 594.  To obtain relief, an appellant must show that the sentence is either procedurally or substantively unreasonable. *Id*. at 597; *United States v. Vowell*, 516 F.3d 503, 509-10 (6th Cir. 2008).  A sentence may be held procedurally unreasonable if it is marked by "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 128 S.Ct. at 597.  Hence, a sentencing court's failure to consider a § 3553(a) factor may render a sentence procedurally unreasonable.

As the above analysis makes clear, defendant Houston's sentencing was not procedurally infirm.  Again, because defendant did not timely object to the court's failure to explicitly consider the matter of sentence disparities, and raised the issue only after sentencing, at a time when the district court was without authority to alter the sentence already imposed,  we review only for plain error. *Vonner*, 516 F.3d at 386, 392 ("While we do not require defendants to challenge the "reasonableness" of their sentences in front of the district court, we surely should apply plain-error review to any arguments for leniency that the defendant does not present to the trial court.").

The first step in plain-error review is to determine whether the lower court erred.  Did the district court commit procedural error?  The district judge believed, post-sentencing, that he had failed to consider § 3553(a)(6) and that this failure constituted error, albeit not "clear error."  In the foregoing analysis, however, we have explained that it was the district judge's belief, rather than the sentence imposed, that was erroneous.  By correctly calculating defendant Houston's Guidelines

---

[2]This conclusion is further buttressed, as the district court ultimately recognized, by the fact that, in the sentencing context, "there is simply no such thing as a 'motion to reconsider' an otherwise final sentence." *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006).  Rather, as discussed above, the sentencing court's authority to alter a sentence of imprisonment after it has been imposed is narrowly circumscribed, per 18 U.S.C. § 3582(c)(1)(B).

[3]In his reply brief, defendant argues that the government should have been deemed barred from moving to strike the amended sentence in the first place.  In ¶ 7 of the plea agreement, defendant correctly asserts, the prosecution had agreed to accept "any lawful sentence that the Court deemed appropriate."  JA 57.  The motion to strike did not contravene this promise, however.  As the foregoing analysis demonstrates, the amended sentence was beyond the court's authority to issue and was, to this extent, not a "lawful sentence." *See United States v. Moncivais*, 492 F.3d 652, 662 (6th Cir. 2007) ("Plea agreements are to be enforced according to their terms.").

range, the district judge had necessarily taken into account the need to avoid unwarranted sentence disparities, viewed nationally. The matter of supposed *local* sentence disparities, brought to his attention post-sentencing, which he believed could be relevant, is not a matter within the contemplation of § 3553(a)(6). Notwithstanding the district judge's post-sentencing misunderstanding about the nature of this sentencing factor, the sentence ultimately imposed is not procedurally infirm because he failed to consider an unasserted, non-mandatory factor.[4] Contrary to defendant's argument, the record demonstrates that the district court did adequately consider the national sentencing disparities concern embodied in § 3553(a)(6). We therefore reject defendant's procedural-unreasonableness challenge.[5][6]

### C. Substantive Unreasonableness

Defendant also argues that his sentence is substantively unreasonable, i.e., greater than necessary to comply with the purposes of sentencing. Defendant need not have asserted a substantive-unreasonableness objection in the district court to preserve the issue for appeal. *Vonner*, 516 F.3d at 389 (observing that, because "reasonableness" is the standard of appellate review, a litigant has no duty to object in the district court to the unreasonableness of the length of the sentence). Hence, we review the substantive-unreasonableness challenge not for plain error, but for abuse of discretion. The Supreme Court has defined the scope of this review as follows:

> When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. [*Rita v. United States*, — U.S. — , 127 S.Ct. 2456, 2462-68 (2007)]. But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that

---

[4]To be sure, defendant was free to argue for leniency, prior to or at the sentencing hearing, based on local trends in sentencing of gambling offenders. If he had so argued, it would have been within the district court's discretion to accept the argument as warranting an even greater downward variance. We hold simply that the sentence imposed is not procedurally unreasonable merely because the court did not consider a potentially relevant, but unasserted, non-mandatory sentencing factor.

[5]This case is distinguishable from *United States v. Christman*, 509 F.3d 299 (6th Cir. 2007), where a sentence which the district court acknowledged was marked by procedural error, but which the district court was powerless to correct under Rule 35(a), was vacated and the matter remanded for re-sentencing. In *Christman*, the sentencing judge *had* committed a legal error which impacted the length of sentence; here, the district judge erroneously *believed* he had committed legal error, when in fact he had not.

[6]In his separate opinion, our dissenting colleague strains to characterize the district court as confused and our affirmance as "astounding" and "inexplicable." The characterizations are inapt.

Twice, the dissent describes the district court as having gotten "turned around." In actuality, the "turned around" reference in the sentencing transcript, JA 188, does not evidence confusion in the sentencing proceeding at all. Rather, it is derived from a quip made by the district judge before the sentencing even began as he entered the courtroom and reacted, ostensibly, to the defendant and his counsel having seated themselves at the table ordinarily occupied by the Assistant U.S. Attorney. It was a trivial irregularity that played no role in the sentencing proceeding.

No less inaccurate is the dissent's description of our procedural-unreasonableness analysis as astounding and inexplicable. As explained in quite some detail, our affirmance is the product of rather ordinary application of plain-error review. Our dissenting colleague would prefer not to be constrained by plain-error review. Yet, as justification for avoiding the clear, well-established and binding teaching of Sixth Circuit rulings like *Vonner* and *Bostic*, the dissent cites no authority but an Eighth Circuit opinion, *United States v. Ellis*, 417 F.3d 931, 933 (8th Cir. 2005). *Ellis* carries no weight in this context, however, because the Eighth Circuit, in its application of Rule 35(a), was unconstrained by a *Bostic*-type prophylactic rule, whereas we remain bound by *Bostic*.

the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

*Gall*, 128 S.Ct. at 597.

Arguably, the presumption of reasonableness validated in *Rita*, as recognized in *Gall*, may not apply here, as the district court did not impose a sentence within the advisory Guidelines range, but granted a three-month downward variance from the low end of the range. *See Phinazee*, 515 F.3d at 514; *Kirchhof*, 505 F.3d at 414-15. Yet, the fact that the sentence imposed is outside the Guidelines range does not give rise to a presumption of unreasonableness, *Gall*, 128 S.Ct. at 597, especially where the variance results in a sentence even more favorable to the challenging defendant than a within-Guidelines sentence. After determining that the district court made no significant procedural error in calculating the Guidelines range, we must assess the substantive reasonableness of the sentence in light of the totality of the circumstances, giving "due deference" to the sentencing judge, in recognition of his greater familiarity with the case, his superior position to find facts and assess credibility, and the institutional advantage that comes with frequent sentencing of offenders. *Id*. at 597-98.

We have already explained why the district court's failure to explicitly consider § 3553(a)(6) was not a significant procedural error. Defendant maintains the sentence is substantively unreasonable because the three-month downward variance granted in the original sentence is insufficient. Defendant insists that the original amended sentence, imposing a two-year term of probation and no term of imprisonment, was sufficient to comply with the purposes of sentencing. This is said to be clearly evidenced by the fact that the district judge, when he believed he had the discretion to do so because the government had no objection, amended the sentence to eliminate incarceration. Defendant thus urges us to defer to the district judge's exercise of discretion in the second of the three sentencing rulings, rather than the first and third.

The district judge's ambivalence clearly stemmed in part from his misunderstanding about the government's position, but even more fundamentally from his misunderstanding of the sentence disparities factor. Whether he would have continued to question the fairness of the sentence if he had properly understood the requirements of § 3553(a)(6) is a matter of sheer speculation. Speculation, however, will not support a holding that the district judge abused his discretion when he initially (and ultimately) granted a three-month downward variance and imposed a sentence of twelve months and a day. To the contrary, the sentencing transcript and opinion vacating the original amended sentence affirmatively demonstrate that the sentence originally (and ultimately) imposed is not unreasonable in length.

No one has challenged the correctness of the advisory Guidelines range identified by the district judge, being fifteen to twenty-one months. After identifying this range and deciding to grant the government's motion for downward variance based on defendant's substantial assistance, the sentencing judge engaged in a weighing of circumstances. The district judge expressly considered that defendant profited greatly from his unlawful conduct; that he conducted the illegal gambling business for over five years; that he was the organizer of this criminal enterprise and had persuaded other "good people" who trusted him to become involved; and that defendant had a prior criminal history—albeit not a terribly serious one. Hrg. tr. pp. 14-16, JA 200-02. The judge also took note of mitigating circumstances, i.e., that defendant had cooperated with the government and had agreed to forfeit substantial property to the government; that defendant had strong family ties and responsibilities; and that he had been a good citizen, supporting local civic organizations and helping others less privileged than himself. *Id*.; Memorandum and Order p. 2, JA 149. The district judge concluded that a prison sentence of twelve months and a day afforded "adequate deterrence" and "just punishment." Hrg. tr. pp. 16-17, JA 202-03.

The district judge thus appears to have reasonably weighed the totality of the circumstances in arriving at a sentence. The district judge also appears to have reasonably justified the extent of the variance granted. Apart from his contention that the sentence is unreasonably long in comparison with sentences imposed on other local gambling offenders, defendant has not explained why this sentence should be deemed so unreasonably long as to constitute an abuse of discretion. Even if the local sentence disparities issue were deemed to have been timely raised below, the record was not sufficiently developed, as the district court recognized, to enable a sound determination that the other putatively comparable offenders were in fact similarly situated in all relevant respects. Defendant's substantive-unreasonableness argument thus boils down to either (1) a contention that the sentencing judge should have weighed the circumstances differently, or (2) a mere allegation that the sentence is greater than necessary. Both contentions are beyond the scope of proper appellate review for substantive unreasonableness. *See United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (recognizing that substantive-unreasonableness review does not look to whether the appellate court would have imposed the same sentence in the first instance); *Phinazee*, 515 F.3d at 519 (observing that since review is not *de novo*, the appellate court must be wary to avoid substituting its judgment for that of the district court).

Defendant has not carried his burden of demonstrating that the sentence ultimately imposed represents an abuse of discretion. In fact, he has failed to identify a single Sixth Circuit case in which a sentence reflecting a downward variance from the advisory Guidelines range was vacated because unreasonably long. *See Phinazee*, 515 F.3d at 519. According due deference to the district judge's discretion in assessing the extent of the downward variance warranted by the circumstances properly before him, *see Gall*, 128 S.Ct. at 597-98, we therefore overrule defendant's substantive-unreasonableness challenge as well.

### III. CONCLUSION

Notwithstanding the confused nature of post-sentencing proceedings in the district court, we conclude that the sentence originally, and ultimately, imposed is marked neither by clear error that was correctable by the district court under Rule 35(a) of the Federal Rules of Criminal Procedure, nor by other procedural or substantive unreasonableness. Accordingly, we **AFFIRM** the judgment of the district court.

---

**DISSENT**

---

CLAY, Circuit Judge, dissenting. The sentence imposed by the district court in this case is a prime example of a sentencing proceeding gone awry. Indeed, the district court handed down a sentence which was rife with procedural error as a result of its failure to comply with § 3553(a), the Sentencing Guidelines, or Rule 35(a). In short, the sentence imposed by the district court was improper and legally deficient. Thus, it is incumbent upon this Court to vacate the sentence and remand for resentencing. Because the majority goes to great pains to avoid this basic duty in the face of obvious and repeated sentencing error, I respectfully dissent.

**I.**

A simple recitation of the facts in this case demonstrates that Houston's sentence is procedurally infirm and should therefore be remanded for resentencing. In March of 2006, Houston entered into a plea agreement with the government whereby Houston agreed to plead guilty to the offenses enumerated in a two count bill of information. The bill of information alleged that Houston participated in a conspiracy to conduct an illegal gambling enterprise between 2000 and 2005 in violation of 18 U.S.C. § 371 as well as a conspiracy to launder the proceeds of an illegal gambling activity in violation of 18 U.S.C. §§ 1956(h) and 1957. Under the terms of the plea agreement, Houston agreed to forfeit upwards of $2 million in money and property and the government agreed to represent that Houston provided substantial assistance by truthfully describing his criminal activity and encouraging others to plead guilty.

Thereafter, on July 19, 2006, Houston appeared before the district court for sentencing where it appears that the district judge referred to the proceedings as having gotten "turned around."[1] During the hearing, defense counsel made a presentation regarding Houston's age, character, business acumen and history of supporting his family, including his elderly mother, and the less fortunate. Houston argued that the district court should take into consideration those personal characteristics and the fact that he observed "the numbers" growing up "as part of a community where playing the numbers was culturally accepted" and impose a term of probation. (J.A. at 90)

The district court, however, brushed Houston's arguments aside without discussion and noted in a cursory fashion that Houston was "the organizer of this thing," the "main man" of the gambling conspiracy, and that the sentence was imposed

> [b]ased upon the nature and circumstances of the offense and the time it went on[,] plus your history of working hard, but you have been in a little trouble in your life, not much, but some. Based upon the Guideline range[,] which is what, 15 months, 15 to 21 months. Based upon the fact that you cooperated and the government has made a motion for downward departure under Sentencing Guideline 5K1.1 . . . .

(J.A. at 200) In the course of this explanation, the district court did not discuss the § 3553(a) factors in any meaningful way. Instead, following this terse explanation, the district court sentenced Houston to a term of 12 months and one day of imprisonment.

---

[1] Contrary to the majority's contention, I do not entirely attribute the reference to the sentencing getting "turned around" to any "quip" made by the district judge on the record. Indeed, the improprieties that occurred in the instant case are not so easily captured by any one statement of the district court. Rather, it is clear from simply reading the entire record, including the initial sentencing transcript, that the sentencing was confused and thus the "turned around" reference is appropriate.

After sentencing, Houston filed a "motion for reconsideration of the court's sentencing decision." In the motion, Houston questioned the district court's consideration of his individual characteristics, the adequacy of the district court's explanation at sentencing, and the district court's consideration of unwarranted sentencing disparities. Houston contended that the district court failed to consider unwarranted sentencing disparities because no similarly situated defendant–i.e., individuals who had been convicted of an illegal gambling offense and cooperated with law enforcement–had been sentenced to a term of incarceration by the United States District Court for the Eastern District of Tennessee. Houston, through counsel, averred that defendants in illegal gambling cases who cooperated with the government had routinely been sentenced to probation. Consequently, Houston argued that the district court should similarly impose a sentence of probation rather than a term of incarceration to avoid unwarranted sentencing disparities.

In response to the motion, the district judge stated that he had "considered" Houston's personal characteristics and his history of civic engagement. The district judge, however, did not describe how he considered these characteristics or elaborate on his reasoning for the imposition of the initial 12 month sentence. Nevertheless, the district judge acknowledged that he had not considered "unwarranted sentencing disparities" and that Houston should be resentenced to a term of probation based on the sentences of similarly situated defendants. The district court reached this conclusion after conducting "independent research" and without any input or argument from the government. Although the district court said it knew it was on "questionable legal grounds," the court amended Houston's sentence to reflect a two year term of probation rather than 12 months of incarceration.

A few days later, apparently turned around once again, the district court reversed course and reinstated the 12 month and one day term of incarceration after an objection was lodged by the government. The government alleged that the district court was without jurisdiction to "reconsider" the sentence under Rule 35(a) of the Federal Rules of Criminal Procedure and that the factual basis upon which the district court made its revised sentencing determination was flawed. The district court agreed that it was without authority to resentence Houston and therefore struck the amended judgment. Thereafter, the district court reinstated Houston's 12 month and one day sentence. The district judge, however, continued to maintain that he had not fairly sentenced Houston and that the 12 month and one day sentence was excessive.

## II.

Contrary to the conclusion reached by the majority, these facts demonstrate that the district court committed significant procedural errors that rendered Houston's sentence unreasonable. To uphold such a procedurally infirm sentence, as the majority seems content to do, is to abdicate this Court's responsibility to insure constitutionally sound sentencing practices.

Under *Gall v. United States*, 128 S.Ct. 586, 597 (2007), this Court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." In the instant case, given all of the twists and turns that occurred during sentencing, it is clear that the district court fell well below the procedural benchmarks established by the Supreme Court for at least three reasons.

First, during the initial sentencing there was no indication that the district court considered Houston's arguments regarding his family, cultural history or philanthropy; nor did the district court engage in an adequate explanation of the rationale behind the sentence ultimately imposed. As the Supreme Court recently noted in *Gall*, "[a]fter settling on the appropriate sentence, [the district judge]

must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." 128 S.Ct. at 597. Even a cursory review of the sentencing transcript reveals that the district judge did not reference the arguments made by Houston during the brief statement made prior to the imposition of Houston's initial sentence. Thus, in failing to explain the basis for Houston's sentence, the district court ran afoul of the procedural requirements of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny and should therefore be reversed. *See United States v. Klups*, 514 F.3d 532, 537 (6th Cir. 2008); *United States v. Thomas*, 498 F.3d 336, 340-41 (6th Cir. 2007).

Indeed, the majority acknowledges that the district court did not "fully explain the extent of its consideration of [the] sentencing factors." Slip Op. at 6. Astoundingly, however, the majority refuses to vacate and remand Houston's sentence, finding no fault in the district court's explanation, or lack thereof. This refusal to vacate Houston's sentence flies in the face of well-settled precedent which holds that "[r]eversable procedural error occurs if the sentencing judge fails to 'set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007) (quoting *Rita v. United States*, 127 S.Ct. 2456, 2468 (2007)). We have long held that "when the judge makes only a conclusory reference to the § 3553(a) factors and does not address the defendant's arguments regarding application of those factors, then this Court will find the sentence unreasonable." *Klups*, 514 F.3d at 537 (internal quotations and citations omitted); *see also United States v. Liou*, 491 F.3d 334, 339 n.4 (6th Cir. 2007) (noting that this Court has long held that "we will vacate a sentence if the context and the record do not make clear the court's reasoning"). In short, well-established precedent requires reversal where the sentencing court fails to explain to the defendant, and this Court, how it arrived at its sentencing determination, including how it considered defense arguments and the § 3553(a) factors. Contrary to the majority's determination, unexplained or silent consideration of the § 3553(a) factors and Houston's arguments does not satisfy the district court's duty to explain how it chose to exercise its "legal decisionmaking authority." *Rita*, 127 S.Ct. at 2468.

Second, Houston's sentence is rendered unreasonable by the district court's admitted failure to consider unwarranted sentencing disparities pursuant to § 3553(a)(6). Post-*Booker*, district courts must *independently* "'consider all of the § 3553(a) factors' and 'make an individualized assessment based on the facts presented.'" *United States v. Sedore*, 512 F.3d 819, 828 (6th Cir. 2008) (Clay, J., concurring) (quoting *Gall*, 128 S.Ct. at 596-97); *see also United States v. Wilms*, 495 F.3d 277, 282 (6th Cir. 2007) (noting that a district court must independently consider the § 3553(a) factors at sentencing). On a number of occasions, the Supreme Court has indicated that a district court, when imposing a sentence, may not simply rely on the Guidelines or the Sentencing Commission's recommendations with respect to the appropriateness of a particular sentence. *Gall*, 128 S.Ct. at 596; *Rita*, 127 S.Ct. at 2463. Rather, under the advisory regime announced by *Booker*, the Guidelines may not be used as a crutch or shorthand for the independent exercise of judicial discretion called for by § 3553(a). In particular, § 3553(a)(6) tells "the *sentencing judge* to consider . . . the need to avoid unwarranted sentencing disparities," *Rita*, 127 S.Ct. at 2463, "among defendants with similar records who have been found guilty of similar conduct" at sentencing. 18 U.S.C. § 3553(a)(6).

Although this Court noted in *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007), that "[s]ubsection 3553(a)(6) is concerned with national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct," consideration of the factor includes an examination of regional sentencing disparities.[2] As the Supreme Court noted in *Rita*, "the

---

[2]The majority, relying on *Simmons*, dismisses the question of local or regional disparities, suggesting that they have no bearing on the district court's consideration of unwarranted sentencing disparities. However, *Simmons* reaches no such conclusion. While *Simmons* stated that a district court could, in its discretion, consider sentencing disparities as between co-defendants, it was silent regarding the interaction between consideration of regional and national

sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." 127 S.Ct. at 2463. The district court's "retail" consideration of the § 3553(a) factors, therefore, necessarily entailed consideration of the regional sentencing patterns highlighted by Houston. Indeed, in *Gall*, the Supreme Court found that a district court considered unwarranted sentencing disparities by inquiring "about the sentences already imposed by a different judge on two of Gall's codefendants." *Gall*, 128 S.Ct. at 599; *see also Kimbrough v. United States,*128 S.Ct. 558, 574 (2007) (noting that § 3553(a)(6) "directs *district courts* to consider the need for unwarranted sentencing disparities–along with other § 3553(a) factors–when imposing sentences. Under this instruction, district courts must take account of sentencing practices in other courts . . . " (emphasis in original and internal citations omitted)). Because the district court was required to consider all of the § 3553(a) factors and the district court failed to do so when imposing Houston's sentence, the ultimate 12 month sentence was rendered procedurally unreasonable. *Simmons*, 501 F.3d at 625-26 (noting that a "district judge could also violate procedural reasonableness if the defendant is able to prove that the lack of explicit discussion stems from a complete ignorance of that factor").

Lastly, Houston's sentence was rendered procedurally infirm by the district court's failure to comply with Rule 35(a) in its attempt to correct Houston's sentence. Under Rule 35(a), "[w]ithin 7 days of sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). In the instant case, rather than rectifying the "clear error" committed during the initial sentencing, the district court compounded the error. In imposing the amended sentence, the district court failed to hear arguments from both Houston and the government regarding sentencing disparities or the other § 3553(a) factors. Further, the district court neglected to explain how it considered Houston's arguments regarding his personal characteristics and history of philanthropy in Chattanooga. Thus, both in its initial imposition of the sentence, and in its attempt to correct the sentence initially imposed, the district court imposed a procedurally unreasonable sentence that warrants reversal.

### III.

Despite the fundamental and obvious mistakes made by the district court during the sentencings, the majority inexplicably goes to great lengths to avoid remanding this case in order for Houston to be resentenced. As an initial matter, the majority argues that Houston's failure to mention unwarranted sentencing disparities at the conclusion of his sentencing hearing subjects his procedural reasonableness challenge to plain error review on appeal under *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008). In *Vonner*, this Court applied the rule announced in *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), to procedural reasonableness challenges. Under *Bostic*, a district court must give the parties an opportunity to make objections that were not previously raised to "aid the district court in correcting any error." *Id.* at 873. Any objection not raised by the conclusion of a sentencing hearing is subject to plain error review on appeal. *Id.* In the instant case, Houston's Rule 35(a) motion did in fact bring an objection to the attention of the district court for correction regarding the district court's consideration of his arguments in favor of probation, the adequacy of the district court's sentencing explanation, and the district court's consideration of § 3553(a)(6). In *United States v. Ellis*, 417 F.3d 931, 933 (8th Cir. 2005), for example, the Eighth Circuit held that a challenge to the mandatory imposition of the Guidelines was preserved despite the fact that it was first raised in a post-sentencing Rule 35(a) motion. The *Ellis* court reasoned that because the trial court was given "an opportunity to correct the error," the objection was subject to review for reasonableness, rather than plain error, on appeal. *Id.* The logical force of *Ellis* applies equally to the

---

sentencing disparities. 501 F.3d at 623-24.

instant case to preserve Houston's objection.[3]    Consequently, "[w]hen an objection to a sentence is preserved, we conduct a reasonableness review." *Simmons*, 501 F.3d at 624. In the instant case, under our reasonableness review, based on even a cursory review of the record, it is clear that the sentence imposed by the district court was procedurally unreasonable.

In another effort to avoid remanding Houston's case for resentencing, the majority suggests that the district court did in fact consider unwarranted sentencing disparities because it considered the Guidelines. Contrary to the majority's determination, the district court's consideration of the Guidelines did not cure the district court's failure to consider unwarranted sentencing disparities. Although the Guidelines represent the Sentencing Commission's "rough approximation of sentences that might achieve § 3553(a)'s objectives," including the need to avoid unwarranted sentencing disparities, the district court is required to independently assess and determine whether the § 3553(a) factors support the imposition of a particular Guidelines sentence. *Rita*, 127 S.Ct. at 2464; *Wilms*, 495 F.3d at 282.

Under the majority's rendition of the district court's responsibilities with respect to the § 3553(a) factors, however, a district court applying the Guidelines is free to ignore other factors such as the seriousness of the offense and unwarranted sentencing disparities because such factors are taken into account by the Sentencing Commission when fashioning the Guidelines. Not only does the majority's view render § 3553(a)(6) superfluous, it bears a striking resemblance to the pre-*Booker* sentencing regime. *Wilms*, 495 F.3d at 282; *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). Indeed, in *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006), this Court noted that "[a] sentence within the Guidelines carries with it no implication that the district court considered the § 3553(a) factors if it is not clear from the record, because, of course, under the Guidelines as mandatory, a district court was not required to consider the § 3553(a) factors. It would be unrealistic to now claim that a Guideline sentence implies consideration of those factors." Because the majority unrealistically suggests that the application of the Guidelines can substitute for independent consideration of the § 3553(a) factors, I respectfully dissent.

## IV.

I express no opinion as to what sentence should ultimately be imposed on Houston; however, inasmuch as the district court imposed a sentence that is procedurally infirm, I would vacate Houston's sentence and remand for a sentencing proceeding that would appropriately conform to the mandates of *Booker* and its progeny.

---

[3]Although the majority dismisses the Eighth Circuit's holding in *Ellis* as having no weight in this circuit, the persuasiveness of *Ellis*' logic is quite clear: where a defendant raises an objection to the district court through a Rule 35(a) motion and therefore gives the district court an opportunity to respond to an alleged error, plain error review is inappropriate. Contrary to the majority's suggestion, the issue confronting the *Ellis* court was the same issue that we confront here, whether to apply plain error review to a procedural reasonableness challenge (i.e., the district court's application of the Guidelines as mandatory) where a defendant raises an objection in the form of a Rule 35(a) motion. Inasmuch as we have not yet resolved the impact of a Rule 35(a) motion on our standard of review regarding a district court's sentencing determination, *Ellis* is certainly relevant and ought to inform our thinking. Indeed, this Court routinely looks to our sister circuits for guidance when we encounter a legal question that we have not previously passed upon.

Rather than address the wisdom of plain error review under the unusual factual circumstances presented in this case, the majority unthinkingly applies such review in its haste to affirm the district court. Such unreflective application of plain error review not only undermines this Court's duty to review sentences for reasonableness under *Booker*, it is inconsistent with the tenets of plain error review that the majority relies upon, as *Ellis* demonstrates.