**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0198n.06

**No. 11-5259**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Feb 17, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                )
                                          )
    Plaintiff-Appellee,                  )
                                          )    ON APPEAL FROM THE UNITED
v.                                        )    STATES DISTRICT COURT FOR THE
                                          )    MIDDLE DISTRICT OF TENNESSEE
EDWARD M. HILL,                           )
                                          )
    Defendant-Appellant.                 )
                                          )

Before:  COOK, MCKEAGUE, and ROTH, Circuit Judges.[*]

COOK, Circuit Judge.  Edward Hill pleaded guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and one count of receipt of child pornography in violation of § 2252A(a)(2)(A).  The district court sentenced him to 210 months' imprisonment.  On appeal, Hill challenges both the procedural and substantive reasonableness of his sentence.  For the following reasons, we affirm.

Hill first came to the attention of authorities when an undercover detective from the Franklin County (Ohio) Sheriff's Department encountered him in online chat rooms.  The detective used online profiles that led Hill to believe that he was interacting with minor children.  During these online conversations, Hill asked sexually explicit questions and sent photographs of minor females "in

_____

[*]The Honorable Jane R. Roth, United States Court of Appeals for the Third Circuit, sitting by designation.

various states of dress," including some "of young girls engaged in sexual activity with adult males." Authorities eventually determined that Hill resided in Tennessee and the Tennessee Bureau of Investigation obtained a search warrant for Hill's home. There, investigators seized and inspected two computers finding 27 videos and more than 2000 still images of child pornography. After his arrest, Hill pleaded guilty to one count each of receipt and possession of child pornography.

The United States Probation Office prepared a Presentence Investigation Report using the 2010 version of the United States Sentencing Guidelines Manual. At sentencing, Hill's attorney answered in the negative when asked whether he had any objections to the Guidelines calculations laid out in the PSR. Nonetheless, during his argument as to why Hill should be given a sentence below the advisory guideline range, Hill's counsel argued that the court should disregard the "number of images" enhancement that Hill received under U.S.S.G. § 2G2.2(b)(7)(D), which provides for a five-level enhancement for child pornography offenses involving 600 or more images. Hill's attorney asserted that because Congress enacted the enhancement through direct legislation, the provision constitutes an unconstitutional usurpation of judicial authority—specifically, the authority of the United States Sentencing Commission to produce and amend the Guidelines. He then urged the court to sentence Hill to the statutory minimum of 60 months' imprisonment, noting Hill's service in the Navy and lack of prior criminal history. The court ultimately rejected Hill's challenge to the constitutionality of the 600-image enhancement and sentenced Hill to 210 months' imprisonment, the bottom of the Guidelines range. This appeal followed.

We first review de novo Hill's challenge to the procedural reasonableness of his sentence premised on the district court's application of U.S.S.G. § 2G2.2(b)(7)(D), which Hill urges us to reject as unconstitutional. In *United States v. McNerney*, 636 F.3d 772 (6th Cir. 2011), we considered and rejected the same argument Hill raises:

> Despite Congress' significant purpose in prohibiting the dissemination of child pornography, some courts and commentators have questioned the wisdom of the congressionally-directed Child Pornography Sentencing Guideline because they were the product of Congressional mandate rather than the Commission's preferred systematic, empirical approach. However, the debate regarding the wisdom of congressionally-mandated enhancements notwithstanding, it is unquestionably Congress' constitutional prerogative to issue sentencing directives such as the sentencing enhancements for quantity of images at issue in this case.

> It is axiomatic that in our system, so far as at least concerns the federal powers, defining crimes and fixing penalties are legislative functions. The Supreme Court has reiterated that Congress, of course, has the power to fix the sentence for a federal crime. Thus, notwithstanding the delegation of authority provided to the Commission in the Sentencing Reform Act, Congress retained ultimate authority over the federal sentencing guidelines. Congress thus retains the ability to influence federal sentencing policy by enacting directives to the Commission, which the Commission is obliged to implement.

*McNerney*, 636 F.3d at 777-78 (internal citations and quotation marks omitted). This analysis equally supports our rejection of Hill's objection to § 2G2.2(b)(7)(D).

Hill also questions the substantive reasonableness of his sentence, arguing that the district court, by imposing a sentence within 30 months of the statutory maximum, violated the principles of proportionality and unreasonably weighted the Guideline range. He contends that in light of mitigating features of his background—he had no prior criminal history, pleaded guilty, and did not

have "physical contact with a minor"—his sentence "leaves no meaningful room to impose a proportionately more severe punishment on an offender who is worse." We reject this argument as well. Appellate courts review the substantive reasonableness of a defendant's sentence for abuse of discretion. *United States v. Houston*, 529 F.3d 743, 755 (6th Cir. 2008). "The touchstone for our review is whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). Examples of substantive unreasonableness include "selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent § 3553(a) factors, or giving an unreasonable amount of weight to any pertinent factor." *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005) (footnote omitted).

The district court properly exercised its discretion in reaching its sentence. To the extent that the district court discussed the Guidelines in its statement of reasons, it focused not on the Guidelines enhancements as presented in the PSR, but rather on the disturbing factual bases for those enhancements. For example, the district court noted that Hill possessed images of prepubescent minors (two-level enhancement) and images involving sadistic or masochistic conduct (four levels), and that he distributed sexually explicit images of children "to what the defendant thought was a 14-year-old girl as well as another occasion dealing with a 14-year-old boy" (five levels). Explaining why it concurred with the Guidelines range calculation, the district court carefully addressed each enhancement and examined each of the § 3553(a) factors in turn before announcing its sentence. The district court also considered the mitigating factors that Hill highlights in his briefs; the court rejected

the government's recommendation of 231 months as "too high, particularly for someone with no criminal history that's otherwise been employed." We find no abuse of discretion.

For these reasons, we affirm.