NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0417n.06

No. 21-3897

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 19, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| CHRISTOPHER R. MCCLENDON, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: GIBBONS, GRIFFIN, and STRANCH, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Christopher McClendon pleaded guilty to a child-pornography charge. At sentencing, the district court stated that it was considering imposing a 160-month sentence, but after inviting comment from the parties, it instead sentenced McClendon to 188 months—the bottom of the applicable Guidelines range. Later, the court told the parties that it had planned to issue a lesser, 180-month sentence, but ultimately reiterated its intent to impose a bottom-of-the-Guidelines sentence. McClendon now challenges the substantive reasonableness of his sentence. Although the district court could have been clearer, McClendon has not overcome the presumption of reasonableness we must ascribe to his within-Guidelines sentence. Accordingly, we affirm.

I.

Christopher McClendon pleaded guilty to receiving and distributing child pornography in violation of 18 U.S.C. § 2252(a)(2). The facts underlying his conviction are not relevant to this appeal.

The district court set the applicable Guidelines range at 188 to 235 months. McClendon requested a downward variance to 120 months. But the government requested a within-Guidelines sentence based on the risk he posed to the public. In support of its position, the government argued that McClendon presented a high risk of recidivism, as evidenced by a prior child pornography conviction and allegations that he had molested a 13-year-old boy on several occasions. The government also referred to two prior sentences imposed by the same district court judge. In the first, the defendant had committed no "hands-on conduct" and had a lower criminal history score than McClendon, but the court imposed a 180-month sentence. *United States v. Hack*, No. 3:16-cr-185 (N.D. Ohio, May 24, 2017). And in the second, the defendant was charged with only receipt (not distribution, like McClendon) and was sentenced to 96 months. *United States v. Rogers*, No. 3:18-cr-26 (N.D. Ohio, Oct. 8, 2019). Because McClendon's conduct was more egregious than the conduct in *Hack* and *Rogers*, the government argued that a within-Guidelines sentence was appropriate.

The district court's response to these arguments was not a model of clarity. The court considered that there was a "clearer potential for [recidivism] than . . . otherwise appears in most cases" because McClendon had already reoffended after serving a prison sentence for a similar offense. The court then stated that it was "going to vary downward and impose a sentence of 160 months." However, it reconsidered its intention and asked for further comment from the parties, apparently referring to the *Hack* case cited by the government: "Before I formally

pronounce, . . . do you recall what sentences I may have imposed at the upper range?" The government reiterated its request for a sentence greater than the 180 months imposed in *Hack*.

The district court granted the government's request, stating "[t]hen if that's what I imposed in that case, that is what I'm going to impose here." It explained that it needed to be "cognizant" of "disparity," and that it saw a "need for a prolonged period of incapacitation" due to the "safety/danger to the community," which it viewed as "a fair and significant concern and consideration." The court then "formally" sentenced McClendon, this time to 188 months. While reviewing the relevant 18 U.S.C. § 3553(a) factors, the court explained that "protection of the public . . . is, of course, in this case the single most crucial factor" and that the sentence was also appropriate for both public and individual deterrence. The court explained that "[w]hat sets this case apart" from the cases cited by the government "is the fact of his prior conviction, the hands-on contact, and my concern . . . with the possibility of recidivism."

But before issuing a written judgment, the district court called into question the 188-month sentence. The court conducted a status conference, in which it explained that after hearing from the parties, it initially intended to impose a 180-month sentence but acknowledged that it had imposed a 188-month sentence. The court had "a great deal of difficulty coming to the number that [it] finally did" but was unsure "how or why [it] said 188." In response to these concerns, the government reminded the court that it had "specifically rejected the request for a downward variance," calling the case "a very distinct outlier." Further, the government noted, if the court intended to vary downward from the Guidelines minimum of 188 months, it would have had to justify that variance, which it did not do. In response, the court appeared to agree with the government, explaining that its "intent [was] to give the [G]uideline[s] minimum." Thus, it

backtracked on the earlier assertion, noting that, "despite [the court's] sort of initial reaction," the 188-month sentence was "clearly what [it] did and what [it] intended to do."

The written judgement reflected the 188-month sentence. McClendon timely appealed.

II.

McClendon argues that his sentence is substantively unreasonable. This "is a claim that a sentence is too long (if a defendant appeals) or too short (if the government appeals)." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A claim of substantive reasonableness argues "that the court placed too much weight on some of the § 3553(a) factors and too little on others[.]" *Id.* We review a claim of substantive reasonableness for an abuse of discretion. *Id.* And because McClendon received a within-Guidelines sentence, we begin with the presumption that his sentence is reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

McClendon first argues that his sentence is greater than necessary to achieve the goals of sentencing. In his view, because the district court initially announced that it would impose a sentence of 160 months, the 188-month sentence is greater than necessary. At the sentencing hearing, the district court *initially* considered a sentence of 160 months, but in the context of the hearing, it is clear that was not a final determination. After inviting input from the parties and considering the § 3553(a) factors, the district court changed its mind, as it was free to do. And the record amply supports the court's conclusion that the 188-month sentence imposed was sufficient but not greater than necessary. The court repeatedly explained that there were no grounds to vary downward based on McClendon's risk of recidivism, the safety threat he posed to the public, and the need for individual and public deterrence. We find no abuse of discretion here.

Next, McClendon argues that the district court created unwarranted sentence disparities between similarly situated defendants, in violation of § 3553(a)(6). The crux of McClendon's

argument is that the district court erred by looking to the sentence it had imposed in *Hack*, and in trying to prevent a disparity between Hack and McClendon, the court created disparity between McClendon and comparable defendants across the nation.

This argument fails for two reasons. First, we "allow a sentencing court to consider, in its sound discretion, local sentencing disparities, meaning disparities within the same federal district court." *United States v. Jenkins*, 821 F. App'x 504, 507 (citing *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008)). Thus, it was permissible for the district court to consider the sentences it imposed in *Hack* and *Rogers* before sentencing McClendon. Second, "the Guidelines themselves represent the best indication of national sentencing practices." *Houston*, 529 F.3d at 752. This makes § 3553(a)(6) "'an improper vehicle' for challenging a within-Guidelines sentence because the Guidelines . . . address the statutory purpose of combatting disparity." *United States v. Hymes*, 19 F.4th 928, 937 (6th Cir. 2021) (quoting *United States v. Volkman*, 797 F.3d 377, 400 (6th Cir. 2015)). McClendon received a within-Guidelines sentence, so his national disparity argument is unpersuasive. In any event, the district court considered and appropriately rejected this argument, noting that "[w]hat sets [McClendon] apart" from a typical child-pornography offender "is the fact of his prior conviction, the hands-on contact, and [the court's] concern . . . with the possibility of recidivism." We find no abuse of discretion in this justification.

At bottom, we will not find McClendon's sentence unreasonable just because he would have balanced the § 3553(a) factors differently. *See United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013).

## III.

For these reasons, we affirm the judgment of the district court.