NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0496n.06

No. 23-2060

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 06, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ROSHELL BEATY, | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

_____

Before: GILMAN, READLER, and BLOOMEKATZ, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** Roshell Beaty pleaded guilty to two counts of conspiracy to commit wire fraud and one count of aggravated identify theft. She appeals her sentence of 124 months' imprisonment, arguing that her sentence is both procedurally and substantively unreasonable. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

Beaty applied for and received benefits under three federal-government-funded COVID-19 pandemic-relief programs for which she was not eligible. The programs in question were the Unemployment Insurance Benefits Program, the Economic Injury Disaster Program, and the Paycheck Protection Program.

First, between April 2020 and December 2021, Beaty and her five codefendants—three of whom are her children, the fourth a child's girlfriend, and the fifth a friend—submitted false

unemployment-insurance claims and certifications in Beaty's and her codefendants' names. These included claims in Arizona, California, Illinois, and Indiana, where Beaty and her codefendants did not live or work. Beaty also obtained and used the personal identifying information of third-party individuals without their permission to claim unemployment benefits. The loss to the federal and state governments from the unemployment-insurance claims totals over $760,000.

Second, Beaty conspired with her son to apply for a loan through the Economic Injury Disaster Program. Beaty received a loan of $49,900 through false representations that her son owned a sole proprietorship, despite her son not owning any businesses during that time. This resulted in a total loss to the United States Small Business Administration.

Finally, Beaty assisted her codefendants in preparing false IRS tax forms for nonexistent businesses and submitting fraudulent Paycheck Protection Program loans in the codefendants' names. Beaty also prepared and submitted false Paycheck Protection Program loan applications with the personal identifying information of third parties and charged a commission to some of these third parties for her help in obtaining the loans. The fraudulent Paycheck Protection Program loans resulted in a loss to the federal government of over $250,000.

Beaty pleaded guilty to two charges of conspiracy to commit wire fraud for her actions related to the unemployment benefits and the business loan, in violation of 18 U.S.C. §§ 1343, 1349. She also pleaded guilty to aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), (b)(2), and (c)(5).

In its presentence report, the Probation Office recommended a term of 108 months' imprisonment, with 84 months to be served on the two conspiracy-to-commit-wire-fraud charges and 24 months to be served consecutively on the aggravated-identity-theft charge. This was less

than the applicable Guidelines range of 140 to 175 months of incarceration. The Probation Office made its recommendation for a downward variance based on factors set forth in 18 U.S.C. § 3553(a)(1) and (2), which included Beaty's medical conditions and a need to avoid unwarranted sentencing disparities.

Beaty also requested a downward variance from the applicable Guidelines range. In her accompanying sentencing memorandum, she argued that the Guidelines range was too high because it exceeded a just sentence, and that other defendants across the country were receiving lower sentences for similar convictions. She specifically cited her background of being a victim of domestic assault, being a single mother of six children without child support, her medical issues, and her lack of any criminal convictions for drug use.

Beaty was sentenced in December 2023. The district court began by describing her offense conduct, reviewing the presentence report, and identifying the uncontested Guidelines range. Defense counsel referenced Beaty's sentencing memorandum and argued that Beaty had accepted full responsibility, cooperated in the investigation, made a positive contribution to her community, dealt with significant health issues, and experienced pressures as a young, single mother. Her counsel then asked the court to impose a sentence below the Probation Office's recommended sentence. The government argued in response that Beaty had taken advantage of the pandemic to steal money, which she used in part to buy a Jaguar F-PACE car, and that she had involved her family members in these criminal activities.

After considering these arguments, the district court imposed Beaty's sentence. The court first discussed the § 3553(a) factors, particularly focusing on the need to avoid unwarranted sentencing disparities. It said:

> Finally, the statute says to avoid unwarranted disparities, and I have—I have talked
> about this a number of times, but when we compare defendants and the sentences
> that they receive, there is a lot that doesn't meet the eye unfortunately. You have

to really look at the individual Defendant, what his offense level is, what his or her criminal history is, and so I think talking about unwarranted disparities at least within the context of the crime in front of me is more or less unhelpful.

But I will say that of the two Defendants who have been sentenced thus far, Mr. Bates—Christopher Bates was sentenced to a term of 18 months custody. Brianna Rimpson was sentenced to one day in custody, which I think speaks to the --her involvement in this offense and I think the relative culpability that she bears in this case.

The district court then acknowledged that the Guidelines range was high, reasoning that a downward variance was warranted and should reflect a reduction of three offense levels. This resulted in an advisory range of 100 to 125 months' imprisonment. Beaty was ultimately sentenced to 100 months on each of the conspiracy-to-commit-wire-fraud charges, to be served concurrently, and to 24 months on the aggravated-identity-theft charge, to be served consecutively.

Both parties were then asked: "[I]s there any legal objection to the sentence that I have announced that has not already been argued on the record?" Both Beaty's counsel and the government stated they had no objection. This timely appeal followed.

## II. ANALYSIS

### A. Standard of review

We review a defendant's sentence for procedural and substantive reasonableness, generally applying the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005). But if a defendant has not preserved her challenge to the sentence imposed, we review under the plain-error standard. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 170–71 (2020). "To show plain error, a defendant must show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights[,] and (4) that affected

the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).

Beaty contends that her sentence is both procedurally and substantively unreasonable. But Beaty has not preserved her argument regarding procedural unreasonableness. If a party fails to make a contemporaneous objection to the procedural reasonableness of the sentence when the district court provides an opportunity to object, the party fails to preserve that objection. *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Because Beaty failed to raise such an objection after the district court gave her the opportunity to do so, we review her procedural-reasonableness challenge for plain error. *See id.* On the other hand, Beaty has preserved her substantive-reasonableness challenge by informing the district court of her arguments in support of a shorter sentence, so we review that argument under the abuse-of-discretion standard. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

B.     **Procedural reasonableness**

"A sentence may be held procedurally unreasonable if it is marked by 'significant procedural error, such as . . . failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008) (quoting *Gall*, 552 U.S. at 51). Beaty claims that the district court failed to address her nonfrivolous argument that her Guidelines range was far over that needed to meet the criteria of 18 U.S.C. § 3553(a). As a general matter, "a district court need not 'exhaustively explain' why it chose one sentence over another, . . . so long as the district court provides the 'specific reason for the imposition of the sentence' if it is outside the guidelines range." *United States v. Brock*, 501 F.3d 762, 774 (6th Cir. 2007) (citation omitted) (first quoting *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006), then quoting 18 U.S.C. § 3553(c)(2)), *abrogated on other*

*grounds by Ocasio v. United States*, 578 U.S. 282 (2016). The key question is whether the court laid out "a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence [than the one recommended by the Guidelines], . . . the judge will normally go further and explain why he has rejected those arguments. Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.* at 357.

Under the plain-error standard, Beaty's procedural-reasonableness argument fails. Acknowledging the need to avoid unwarranted sentencing disparities, the district court stated that the sentence should account for Beaty's individual circumstances. The fact that the court did not discuss each of the examples that Beaty provided does not mean that the court inappropriately considered her argument regarding sentencing disparities. *See United States v. Torres*, 634 Fed. App'x. 575, 576 (6th Cir. 2016) ("No doubt, the court could have spoken at greater length (and so could we), but its account sufficed to provide an explanation for the sentence and a basis for reviewing it."). The court even considered the sentences of Beaty's two codefendants who had already been sentenced, although it was not required to do so under § 3553(a), and it stated that the difference in sentences reflected their level of culpability in the crime. We consequently conclude that Beaty's sentence was procedurally reasonable under the plain-error standard of review.

## C.     Substantive reasonableness

"A sentence may be considered substantively unreasonable when the district court . . . gives an unreasonable amount of weight to any pertinent factor" under 18 U.S.C. § 3553(a). *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). The § 3553(a) factors, which the court

"shall" consider, include "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence "to reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence to criminal conduct," and "protect the public." 18 U.S.C. § 3553(a).

"In reviewing for substantive reasonableness, we must 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (quoting *Gall*, 552 U.S. at 51). We must also "give 'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors." *Id.* (quoting *Gall*, 552 U.S. at 51). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Gall*, 552 U.S. at 51.

Beaty's sentence is substantively reasonable. Although her sentence is lengthy, the district court considered the relevant § 3553(a) factors and Beaty's arguments about sentencing disparities. The court even sentenced Beaty below the lower end of the applicable Guidelines range. Given that the sentence was not arbitrary and was imposed in light of a reasoned application of the § 3553(a) factors, we conclude that the district court did not abuse its discretion.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.